[L. A. No. 8534. In Bank.—March 5, 1927.]

## JOE J. MELLA, Respondent, v. GEORGE HOOPER, Appellant.

[1] NEGLIGENCE—PERSONAL INJURIES—COLLISION OF AUTOMOBILE WITH MOTORCYCLE—DAMAGES—WAGES.—In an action to recover damages for personal injuries sustained in a collision between defendant's automobile and plaintiff's motorcycle, based upon the alleged negligence of the defendant, testimony of the plaintiff as to the daily wage he was receiving when injured, and that, but for the injury, he would have been receiving the same amount at the time of the trial, did not prejudice the case of the defendant.

[2] ID.—INSTRUCTIONS—BURDEN OF PROOF.—In such a case an instruction, in effect, that it was incumbent on plaintiff to prove his case to a "moral certainty" was not a correct statement of the law in civil causes, but it was more injurious to the plaintiff than to the defendant; and the fact that the instruction referred only to the burden of proof of the plaintiff, and made no reference to the evidence necessary to establish contributory negligence, did not constitute error.

[3] ID.—ELEMENTS OF DAMAGE—PHYSICAL PAIN AND MENTAL ANXIETY—FUTURE DAMAGE—CONSTRUCTION.—In such a case where the jury was told in effect that it might consider as an element of damage such physical pain and mental anxiety as it found plaintiff suffered, or must necessarily suffer in the future, the contention that the word "necessarily" impliedly conveyed to the jury the court's view that the injury sustained by plaintiff would continue to exist in the future, which was a question to be passed upon by the jury, is without merit.

[4] ID.—FUTURE DAMAGE.—In such a case plaintiff is not limited to damages for past suffering and pain, and the jury has a right to include in its award damages for future pain and suffering certain to result; and an instruction that the jury may consider such injuries as the plaintiff must necessarily suffer is but another way of saying that the jury may consider such injury as will be certain to result.

(1) 4 C. J., p. 969, n. 56; 42 C. J., p. 1233, n. 27. (2) 3 C. J., p. 850, n. 24, p. 852, n. 26, p. 853, n. 27; 4 C. J., p. 1029, n. 30, p. 1032, n. 36; 42 C. J., p. 1274, n. 79, 81; 38 Cyc., p. 1693, n. 55, p. 1694, n. 57, 58, p. 1755, n. 80. (3) 38 Cyc., p. 1663, n. 22. (4) 17 C. J., p. 763, n. 3, 4, p. 764, n. 5, 8.

2. See 19 Cal. Jur. 694.
4. See 8 Cal. Jur. 810; 8 R. C. L. 467.

APPEAL from a judgment of the Superior Court of Los Angeles County. Elliott Craig, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. I. Gilbert for Appellant.

Albert Sidney Brown for Respondent.

WASTE, C. J.—In this action for personal injuries alleged to have been received by plaintiff through the negligent operation of an automobile used as a taxicab, owned and driven by defendant, the jury awarded plaintiff damages in the sum of five thousand dollars. From the judgment entered on the verdict, defendant appealed.

The accident out of which the injuries arose happened in the space formed by the intersection of Alameda Street and East Third Street, in the city of Los Angeles. At that point a double line of street-car tracks run east and west, which are intersected by tracks of a steam railway running north and south. Gates were operated on the east and west sides of Alameda Street to protect traffic from passing trains. Just prior to the collision, the plaintiff was riding a motorcycle in a northerly direction on the right, or east, side of Alameda Street. Defendant was driving his taxicab easterly along East Third Street. A westerly bound street-car on East Third Street was approaching the intersection. Traffic at the point was congested on both streets, and the gates were down, giving the north and south bound traffic on Alameda Street the right of way. The gates were raised, permitting the east and west bound traffic on East Third Street to move, the street-car and the taxicab approaching each other from opposite directions. An instant before the gates were raised, the plaintiff on his motorcycle and an automobile on his left had entered the intersection and were proceeding northerly across East Third Street. Defendant drove rapidly into the intersection, and the driver of the automobile, seeing the speed at which he was approaching, abruptly stopped his car. The plaintiff's vision being obstructed by the automobile on his left, he proceeded across

East Third Street and had nearly reached the west-bound street-car track when his motorcycle was struck by the automobile of the defendant. By the impact of the collision plaintiff was thrown on to the fender of the street-car. He suffered a compound fracture of the left leg below the knee and was bruised and cut.

On this appeal the appellant contends, first, that the evidence was insufficient to show that he was guilty of any negligence whatsoever, and, second, conceding that appellant was guilty of negligence, the respondent was guilty of contributory negligence directly contributing to and which was the proximate cause of his injuries. As in most cases in which sudden accidents furnish the cause of action, various inferences and different conclusions may be drawn from the evidence. A number of witnesses testified on each side of this case, explaining their testimony by means of a diagram. The respondent contends that the evidence of physical facts and statements made by the appellant after the accident sustains the contention that the collision was brought about through the undue haste of the defendant to "get to the depot," and in his not allowing sufficient time for the northerly bound traffic to clear the intersection before he attempted to cross Alameda Street. There is evidence, also, to show that he drove into the intersection at an excessive rate of speed. The situation of the parties and the surroundings at the time of the accident were made very clear to the jurors. Their verdict finds ample support in the record of the evidence taken at the trial, both as to the negligence of the appellant and the lack of contributory negligence on the part of the respondent.

[1] Appellant complains of the admission, over his objection, of the testimony of the respondent as to the amount of wages the latter was receiving at the time of the injury. Read as a whole, however, the testimony only showed that respondent was receiving $4.50 a day when he was injured, and that, but for the injury, he would be receiving the same amount at the time of the trial, and did not, in any way, prejudice the case of the appellant.

[2] Complaint is made of the giving of certain instructions. One, given at the request of the plaintiff and which informed the jury, in effect, that it was incumbent on the plaintiff to prove his case to a "moral certainty," was

not a correct statement of the law in civil causes (*People v. Miller,* 171 Cal. 649, 654 [154 Pac. 46S]); but it was more injurious to the plaintiff than to the appellant. The concluding portion of the instruction is somewhat garbled and rather meaningless; but the fact that the instruction referred only to the burden of proof of the plaintiff and made no reference to the evidence necessary to establish contributory negligence did not constitute error. If the defendant desired any instructions to be given on the subject of contributory negligence, he should have prepared and submitted them to the court with the request that they be given.

[3] Appellant complains that in one of the instructions the jury was told that it might consider as an element of damages such physical pain and mental anxiety as it found plaintiff suffered, or must necessarily suffer in the future. The contention, in part, is that the word "necessarily" impliedly conveyed to the jury the court's view that the injury sustained by plaintiff would continue to exist in the future, which was a question to be passed upon by the jury. This criticism is without merit. [4] Furthermore, as to the use of the word "necessarily," the statute provides that damages may be awarded in a judicial proceeding for detriment certain to result in the future. (Civ. Code, sec. 3283.) At the time of the trial, the respondent was still suffering pain in his leg, on which there was an open sore which required treatment, and it was painful for him to walk. He was not limited to damages for past suffering and pain, and the jury had a right to include in its award damages for future pain and suffering certain to result. To say that the jury may consider such injury as the plaintiff must necessarily suffer was but another way of saying that the jury may consider such injury as would be certain to result. (*Ryan* v. *Oakland Gas etc. Co.,* 21 Cal. App. 14, 24 [130 Pac. 693].)

What is said with reference to the exception to the instruction under the ruling and exception just discussed is applicable to the objection here made to an instruction defining and explaining "compensatory damages."

The judgment is affirmed.

Curtis, J., Preston, J., Shenk, J., Seawell, J., Richards, J., and Langdon, J., concurred.