[Civ. No. 6763. First Appellate District, Division One.—September 27, 1929.]

BERTHOLD VON STETTEN, Respondent, v. YELLOW-CHECKER CAB COMPANY, CONSOLIDATED (a Corporation) et al., Appellants.

Courtney L. Moore for Appellant Yellow-Checker Cab Company, Consolidated.

Redman & Alexander and Redman, Alexander & Bacon for Appellant Gunther.

Treadwell, Van Fleet & Laughlin for Respondent.

KNIGHT, J.—Respondent was injured and his automobile damaged as a result of a collision which happened at the intersection of Green and Franklin Streets, in San Francisco. Two other machines were involved in the collision, a taxi owned and operated by the appellant Cab Company, and a sedan owned and driven by the appellant Gunther; and respondent brought this action for damages against the Cab Company and Gunther, jointly, alleging that their joint negligence was the proximate cause of his injuries. The trial took place before a jury, which rendered a verdict against appellants for the sum of five thousand dollars, and from the judgment entered on said verdict appellants took separate appeals. As grounds for reversal the appellant Cab Company urges that the trial court erred in ruling upon the admissibility of evidence, that it erroneously instructed the jury as to the law relating to the right of way at intersections, and that the verdict was excessive. The appellant Gunther assigns as error the giving and refusal to give several instructions, including the one to which his coappellant objects.

The accident occurred at 3:30 o'clock in the afternoon of a clear day. The taxi was traveling easterly along Green Street toward Franklin, which intersects Green at right angles. Gunther was driving his automobile northerly on Franklin Street toward Green, and the two machines collided within the intersection somewhere easterly of the center thereof. The taxi then careened across and beyond the intersection into Green Street and struck respondent's auto-

mobile, which had come to a stop on Green Street twenty feet easterly of the intersection. The latter collision was of sufficient force to overturn the taxi and hurl respondent's machine against the sidewalk on the northerly side of Green Street, injuring respondent, who at the time was driving the car. The evidence is in conflict as to the particular circumstances attending the collision between the taxi and Gunther's machine. With reference thereto the driver of the taxi, named Jurd, testified as follows: ''When my car, the front end of it, got to what we would term where the button would be located in the center of the street at the intersection I noticed a dark car (Gunther's) approaching (from the south along Franklin Street) about 15 feet back of the property line and I proceeded . . . figuring that by so doing that this other machine which was coming down Franklin Street from the south . . . would pull to the left . . . passing me in the rear and avoiding a collision. But . . . that did not work out the way I had figured and (instead) the (Gunther) machine made a turn to the right, attempting to go up (east) Green Street in the same direction that I was, thereby throwing his left front fender forward, which struck my right rear fender.'' Gunther testified that he reached the intersection first and saw the taxi coming down Green Street; that thereupon he looked to the right to observe traffic to the east on Green Street, and that when he was well within the intersection the taxi suddenly shot across his path; that he applied the brakes, but the taxi was so close that its wheel or rear fender caught his left front fender and swung his machine around so that it faced east on Green Street. · In addition to the foregoing conflict the testimony is contradictory as to the rate of speed appellants' machines were traveling immediately preceding and at the time of the collision. ▮ No point is made by either appellant, however, as to the sufficiency of the evidence to sustain the conclusion reached by the jury upon the issue of negligence and consequently it is unnecessary to narrate in greater detail here the testimony given by the various witnesses upon the points mentioned, more than to say that it is legally sufficient to establish that both appellants approached the crossing at an excessive rate of speed, that they entered the intersection almost simultaneously, that neither had sufficient control of his

machine to avoid a collision, and that consequently they were jointly responsible for the damage sustained by respondent as a result of such collision.

In support of the claim that Gunther's car ran into the taxi counsel for the Cab Company sought to show by the cross-examination of respondent's witness Ross the precise manner in which the taxi and Gunther's machine came together, but the court sustained objections made by Gunther's counsel to the questions asked in that behalf, and the Cab Company contends that thereby its right to cross-examine was unduly restricted. We find no error in the ruling because the witness repeatedly stated that his view of the exact point of contact of the two machines was obscured by the body of the taxi, and that consequently he was unable to tell which machine struck the other, or which portion of the machines were first in contact.

The driver of the taxi admitted that in driving along Green Street at the time of the accident he was taking an indirect route of travel to reach his objective, but explained that he was doing so to secure private information as to the number of a house. Counsel for Gunther cross-examined the witness on that point, endeavoring to show, as he stated, a different reason; and in answer to objections made by counsel for the Cab Company further stated in effect that he expected to prove that Jurd's real reason for taking that course was to escape from a man who was pursuing him and with whom he had nearly collided on another street a few minutes before the present accident took place. This man was afterwards produced as a witness on behalf of Gunther, but his testimony did not fully substantiate counsel's statement. It is now contended that such cross-examination and the statement made by counsel in connection therewith constituted prejudicial error. Counsel for Gunther clearly stated, however, in answer to a direct question asked by the court that he was not seeking to inquire into the private affairs of the driver; and there is nothing in the record which would justify the belief that counsel was not acting in good faith when he declared the purpose of the cross-examination. We are of the opinion, therefore, that even assuming the cross-examination to have been improper, its effect was not prejudicial.

■ Nor is there any merit in the contention made by the Cab Company that the testimony given by the witness Mondani in response to questions asked by Gunther's counsel, to the effect that Gunther's machine entered the intersection first, was the expression of an opinion. In this connection the record discloses that Mondani was riding in the Gunther machine at the time of the accident and his testimony was directed to what he actually saw. It is evident, therefore, that he was testifying to a fact and not giving his opinion.

■ As to the amount of the verdict, the rule is well established that it is only when an award is so grossly disproportionate as to shock the sense of justice and indicate that the amount of the award was arrived at as a result of passion or prejudice that it may be set aside (*Averdieck* v. *Barris,* 63 Cal. App. 495 [218 Pac. 786]; *Martin* v. *Shea,* 182 Cal. 130 [187 Pac. 23]; *Anstead* v. *Pacific Gas & Elec. Co.,* 203 Cal. 634 [265 Pac. 487]); and that the only means of discovering the existence of passion or prejudice as influencing the award is by comparing the amount thereof with the evidence, the question being one primarily for determination in the trial court (*Zibbell* v. *Southern Pac. Co.,* 160 Cal. 237 [116 Pac. 513]). ■ In the present case respondent proved special damages approximating one thousand dollars, which included property damage, payment of the medical and hospitalization fees, and loss of time; and according to the medical testimony the personal injuries he sustained were severe and permanent. Besides having suffered minor cuts and bruises, the extensor tendon of the thumb was completely severed, and the radial nerve at the wrist was cut. The result of such injury, as the medical testimony shows, was as follows: "On pressure at various parts about the scar, where these nerves were that were included in the scar tissue, there was extreme tenderness and pain upon pressure. This combination of symptoms caused a disability of his right hand, due to the weakness of his thumb; to numbness, lack of sensation of the distribution nerve, and, third, because of the extreme pain." Up to the time of the accident respondent was engaged in color photography work. Most of his time was spent in laboratories developing pictures, and the nature of the permanent injuries to his hand has compelled him to abandon

such work for the reason that such employment requires great delicacy in handling plates, in properly superimposing one on the other, and exerting sufficient pressure to bring out the colors. In view of the situation described we are not prepared to hold as a matter of law that the jury's allowance of four thousand dollars for the permanent injury was unreasonable and excessive.

█ The court refused to give an instruction proposed by Gunther to the effect that if the jury found that as a result of the negligent acts of the taxi driver, and without fault on the part of Gunther, an "emergency" was created, Gunther "was not called upon to exercise all that presence of mind and carefulness that is required of a person of ordinary prudence under ordinary circumstances." █ The refusal to give the instruction was justified upon the ground, among others, that the evidence wholly failed to show that an emergency existed. Assuming, however, that such an inference could be drawn, the refusal to give the instruction was not error, because the principle of law set forth therein was given in substance by the court in defining negligence, wherein it was stated that negligence "is not absolute or to be measured in all cases in accordance with the same precise standard, but always relates to some circumstance of time, place and person." And in any event the refusal to give the proposed instruction cannot be said to have operated to Gunther's prejudice because the application of the doctrine embodied therein is made dependent upon the proposition, as the instruction plainly states and as the numerous cases hold, that the emergency or perilous position, if any there be, was not brought about in whole or in part by the fault of the party seeking to invoke such doctrine; and here the jury found upon ample evidence that Gunther's negligence proximately contributed to the cause of his collision with the taxi.

█ In one of the instructions relating to the subject of the right of way at intersections the court deviated slightly from the language employed by the statute (California Vehicle Act, Stats. 1925, p. 412) in that it used the words "reach an intersection" instead of "approach an intersection." Later in its charge, however, the court gave another instruction proposed by Gunther upon the same subject, which was worded in the identical language of the statute;

and therefore, when the latter is read in connection with the court's instruction, it is evident that the deviation referred to could not have misled the jury.

The court also refused to give an instruction proposed by Gunther to the effect that if the jury found that he was entitled to the right of way at the intersection he had a right to assume that the driver of the taxi would yield the same to him. The refusal to give such instruction was not error because the same subject matter was fully covered by three other instructions proposed by Gunther, which the court gave. The appellant Cab Company complains of the contents of these three latter instructions upon the ground that the jury "was left in the dark as to the circumstances under which Gunther was obliged to yield the right of way to the taxi." The rule of traffic declared by the statute as to the right of way at intersections (Stats. 1925, p. 412) is made subject, however, to the express provision that the vehicle claiming the right of way "is traveling at a lawful speed"; and here, as shown, the evidence is ample to support the conclusion reached by the jury that the taxi and Guther's machine approached and entered the intersection at an excessive rate of speed. Consequently the driver of neither is in a position to claim the benefit of the statutory right of way rule nor to complain of the instructions given or refused upon that subject. (*Rosander* v. *Market Street Ry. Co.*, 89 Cal. App. 721 [265 Pac. 541].)

It is claimed that there was no evidence to show that the injury to respondent's hand impaired his future earning power, nor any evidence upon which the jury might base a reasonable estimate of the loss occasioned thereby, and that consequently the court erred in giving instructions upon those elements of damages. The evidence hereinabove set forth relating to the question of the amount of the verdict was, in our opinion, legally sufficient to justify the giving of the instructions complained of. (*Storrs* v. *Los Angeles Traction Co.*, 134 Cal. 91 [66 Pac. 72].)

Appellant Gunther segregates a single sentence from several instructions given by the trial court upon the subjects of burden of proof and preponderance of evidence, and complains of its effect, claiming that the jury was thereby instructed in substance that Gunther was not entitled to a verdict unless there was a preponderance of the

evidence in his favor. When the single sentence complained of is read in connection with the other portion of the court's charge, however, it becomes apparent at once that the jury was correctly instructed upon the subjects mentioned.

An instruction was proposed by Gunther to the effect that if the jury found that "the sole proximate cause of the accident to respondent was the negligence of the taxi driver" and that Gunther's "actions and omissions, if any, were remote and secondary," Gunther was not liable. The court modified the instruction by inserting after the words "remote and secondary" the clause "and not the sole proximate cause of the accident." The only effect of the modification was to clarify the meaning of the term "remote and secondary," which was not elsewhere defined in the instruction, and to distinguish that term from the term "sole proximate cause," as used by appellant in the forepart of the instructions, and did not alter the legal effect of the legal principle embodied therein. The modification was therefore proper.

The final criticism made by the appellant Gunther is directed at the court's use, in one of its instructions, of the term "proximately contributing to plaintiff's injury," claiming that it should have used the term "negligence proximately contributing to the cause of the injury." It is self-evident that the criticism is purely technical in character, and consequently requires no discussion to point out that it is entirely without force. (*Blackwell* v. *American Film Co.*, 48 Cal. App. 681 [192 Pac. 189].)

In conclusion it may be stated that the court's charge to the jury covers approximately twenty-six typewritten pages of the transcript, and with the exception of a few general instructions given by the court of its own motion, consists of instructions proposed by the parties to the action. We have fully examined the entire charge, and also the instructions which the court refused to give, and in our opinion the jury was fully, fairly and correctly advised on all legal points involved in the action.

The judgment is therefore affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 26, 1929, and a

petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 25, 1929.

All the Justices concurred.