[Civ. No. 7589.  First Appellate District, Division One.—April 22, 1931.]

MINNIE DAVIS, Respondent, v. HELEN RENTON, Appellant.

562

J. Hampton Hoge and A. Dal Thomson for Appellant.

Ford & Johnson for Respondent.

KNIGHT, J.—Plaintiff, while walking across a public street in Oakland was struck and injured by an automobile driven by defendant. She brought this action for damages, and a jury awarded her a verdict for $5,000. The defendant appealed and the judgment was reversed upon the ground that the amount of the award was excessive. (*Davis* v. *Renton*, 99 Cal. App. 264 [278 Pac. 442].) At the second trial, before another jury, she was awarded a verdict for $3,000, and from the judgment entered thereon defendant again appealed and as the main ground for reversal again urges that the amount of the award is excessive.

██ The remedy for safeguarding against the danger of excessive verdicts is committed necessarily to a great extent to the judge who presides at the trial, and the reviewing court may interfere only in cases where the excess appears as a matter of law, or where the recovery is so grossly disproportionate to any compensation reasonably warranted by the facts as to shock the sense of justice or at first blush raise a presumption that it is the result of passion, prejudice or corruption rather than honest and sober judgment (*Bond* v. *United Railroads,* 159 Cal. 270 [Ann. Cas. 1912C, 250, 48 L. R. A. (N. S.) 687, 113 Pac. 366]; *Pedrow* v. *Federoff,* 77 Cal. App. 164 [247 Pac. 212]; *Horn* v. *Yellow Cab Co.,* 88 Cal. App. 678 [263 Pac. 1025]); and in order to determine this question it is necessary to measure the amount of the damages awarded with the evidence showing the nature and extent of the injuries received. (*Zibbell* v. *Southern Pac. Co.,* 160 Cal. 237 [116 Pac. 513]; *Von Stetten* v. *Yellow Checker Cab Co.,* 100 Cal. App. 775 [281 Pac. 95].) Moreover, where the element of past and future pain is involved it is always difficult to fix the amount of damages to be allowed therefor. (*Pedrow* v. *Federoff, supra.*)

██ Briefly stated, the evidence in the present case supporting the award shows that besides being knocked to the pavement unconscious, plaintiff suffered a fracture of the left thumb, she was badly bruised about the head and body, and her nose was cut and bruised, causing it to bleed externally and internally. Her injuries were painful and confined her to her bed continuously for about six days and then intermittently for several weeks. She was compelled to carry her thumb in splints for more than a month, and at the end of three months was unable to move it, nor could she move her left shoulder without suffering pain. She was a housewife, her family consisting of her husband and a thirteen year old son, and before the injuries were inflicted she enjoyed good health. Besides being able to do all her housework including the washing, she was employed part time as a cashier at an amusement establishment. After she was injured she was unable to carry on all of her household duties or other employment, and shortly before the second trial, which took place more than two years after the accident, she was still afflicted with spells of dizziness and headaches as a result of the concussion she received. At that

time she had regained only about fifty per cent use of her thumb, and there was a probability of a permanent stiffness of the joint; and the muscles over the region of the injuries to her left leg were hardened so that there were varicose veins extending from below the knee to the ankle, which, according to the testimony of her physician were caused by the severe bruises to her left leg.

It is evident from the foregoing that no legal reasons exist to warrant the conclusion on appeal that an award of $3,000 is grossly disproportionate to the injuries plaintiff sustained, or that the verdict was the product of passion, prejudice or corruption. It is wholly beyond the power of this court, therefore, to interfere with the verdict as rendered. The conclusion reached on the former appeal that the verdict was excessive was based mainly, as the decision indicates, upon the proposition that plaintiff failed to prove that she was a housewife and had been performing the household work, or that the spells of dizziness from which she suffered were the result of the concussion she sustained in the the accident. At the second trial there was no such lack of proof; and in addition it was shown that approximately two years after the first trial she was still suffering from the result of her injuries, and was incapacitated, to some extent, from doing the amount of work she had been able previously to perform. ■ As held in *Gotsch* v. *Market Street Ry.*, 89 Cal. App. 477 [265 Pac. 268], the impairment of the ability of a woman to work is an injury to her personal rights wholly apart from any pecuniary benefit the exercise of such power may bring, and if her injury has lessened this power she ought to be able to recover damages therefor regardless of whether she was engaged in household duties or employed for pecuniary gain. The cases defendant cites from other jurisdictions wherein verdicts for certain amounts were held to be excessive are of little value, because of the innumerable and often indeterminable factors entering into the question of the extent and nature of the injuries sustained in each particular case (8 Cal. Jur. 839).

■ We find no error in the ruling permitting plaintiff's doctor to testify that while he was making a personal examination of plaintiff's injuries she told him she had been unconscious. As indicated by the trial court at the time the ruling was made, the testimony was admissible not for the

purpose of establishing the truth of the statement but to serve as a basis for the medical opinion the doctor was about to give as to the nature and extent of her injuries. (*Cleveland C., C. & I. R. Co.* v. *Newell,* 104 Ind. 264 [54 Am. Rep. 312, 3 N. E. 836]; *Cronin* v. *Fitchburg & L. St. Ry. Co.,* 181 Mass. 202 [92 Am. St. Rep. 408, 63 N. E. 335].) ■ There was also sufficient testimony introduced to warrant the trial court in instructing the jury that in estimating the amount of damages it might take into consideration any pain, suffering and mental worry which it believed plaintiff was reasonably certain to endure in the future; and the form of the instruction given upon that subject was proper. (*Mella* v. *Hooper,* 200 Cal. 628 [254 Pac. 256]; *Ryan* v. *Oakland Gas Co.,* 21 Cal. App. 14 [130 Pac. 693].)

■ The complaint prayed for damages in the sum of $15,000, and the jury was instructed that if it believed plaintiff was entitled to a verdict the amount thereof should be in such sum as would fairly compensate her for the injuries she received, ''not, however, in excess of the sum of $15,000''. In view of the decision on the former appeal holding that a verdict of $5,000 was excessive, and assuming that the evidence adduced at the second trial as to the nature and extent of plaintiff's injuries was no different from that adduced at the first trial, it would seem that the portion of the instruction above quoted should not have been given. However, as will be noted, the jury fixed the amount of the damages at $3,000, which was far less than the maximum amount prayed for, and much less than the amount awarded at the first trial. Consequently the giving of such instruction could not have operated to the prejudice of the defendant.

The judgment is affirmed.

Tyler, P. J., and Ward, J., *pro tem.,* concurred.