[Civ. No. 10228. First Appellate District, Division Two.—February 2, 1937.]

PETER TIERNEY, Respondent, v. THE CHARLES NELSON CO. (a Corporation), Appellant.

Irving H. Frank, Nathan H. Frank and L. C. Gay for Appellant.

C. H. Fish for Respondent.

SPENCE, J.—Plaintiff, a seaman, sought damages for personal injuries sustained as a result of alleged negligence on the part of defendant. The jury brought in a verdict in favor of plaintiff in the sum of $9,000. Defendant's motion for a new trial was denied and defendant has appealed.

It is not necessary to set forth all the facts in detail. For the purposes of this appeal, it is apparently conceded that the evidence was sufficient to support the verdict,

that no error was committed in the giving or refusing of instructions, that the verdict was not excessive and that there were no errors in the rulings upon evidence except as hereinafter noted. It is therefore sufficient to state preliminarily that, plaintiff was admittedly injured when struck by a wave as he worked on the deck of defendant's steamship ''Tashmoo'' while said vessel was in a heavy sea on a voyage to Vladivostok. It was plaintiff's claim that his injuries were received as a result of defendant's negligence and there was ample evidence to sustain said claim.

 Appellant first assigns as error the action of the trial court in sustaining respondent's objection to the admission in evidence of the affidavits of Jessie M. Hix, a juror, and of Irving H. Frank, counsel for appellant. Said affidavits were offered on appellant's motion for a new trial in support of appellant's claim of irregularity in the proceedings of the jury and misconduct of the jury. The affidavit of Irving H. Frank showed what had occurred on the *voir dire* examination of the juror Kenneth Anderson. It showed that on such examination, said Kenneth Anderson testified that ''he had no seafaring experience''. He gave his occupation as that of installing blackboards and his only previous occupation as that of real estate salesman. The affidavit of the juror Jessie M. Hix showed that during the discussion in the jury room, said Kenneth Anderson made the statement, ''When I was in the Navy you had to do whatever the offcers ordered, and it doesn't make any difference whether it is dangerous or not.''

We find no error in the trial court's ruling denying admission to said affidavits. We pass, without extended discussion, the question of whether the affidavits, if otherwise admissible, were sufficient to show that said Kenneth Anderson testified untruthfully on his *voir dire* examination. It may be noted, however, that said affidavits did not state that he had been in the navy but merely that he had so stated in the jury room. It may be further noted that he was being interrogated on his *voir dire* examination regarding his ''occupation'', present and past, and we cannot say that service in the navy was considered an ''occupation'' by the numerous persons who saw such service for a short period during the World War. Furthermore, we cannot say that his service in the navy, if he did serve, necessarily involved

"seafaring experience". But be that as it may, we are of the opinion that said affidavits were properly excluded under the general rule which prohibits the use of the affidavits of jurors for the purpose of impeaching the verdict. (20 Cal. Jur. 61.) Appellant calls our attention to the decision of this court in *Williams* v. *Bridges*, 140 Cal. App. 537 [35 Pac. (2d) 407], and the decisions therein cited and claims that the present case comes within what may be termed an exception to the general rule above mentioned as illustrated by said decisions. We do not so view it. In all of said cases which involved alleged untruthful answers on the *voir dire* examination it appeared that truthful answers to the questions propounded would have had at least some reasonable tendency to disclose actual or implied bias on the part of the juror as the basis for a challenge for cause. Such is not the case here. If said juror had testified that he had served in the navy and that he had had seafaring experience, it does not appear that such testimony would have had any tendency whatever to disclose actual or implied bias on the part of said juror. We do not believe that the so-called exception to the general rule prohibiting the use of such affidavits should be extended further than is indicated in said decisions.

Appellant's next claim of error is stated as follows: "Error of the trial court in permitting the witness Dr. Eidenmuller, plaintiff's physician, to testify as to the history of the accident given him by plaintiff." Said physician testified that he examined respondent for the purpose of diagnosis and treatment and that it was necessary to obtain "the history of the accident, history of injuries and the chief complaints" of the patient for the purpose of such diagnosis and treatment. Over the objection of appellant, the witness was permitted to relate respondent's statement to the witness regarding the accident and his injuries. There is some confusion in the authorities on the subject under discussion. It has been held that certain statements made by a patient to his physician are admissible in evidence (*Davis* v. *Renton,* 113 Cal. App. 561 [298 Pac. 834]; *People* v. *Shattuck,* 109 Cal. 673 [42 Pac. 315]), and it has also been held that not all such statements are admissible. (*Losleben* v. *California State Life Ins. Co.,* 119 Cal. App. 556 [6 Pac. (2d) 1012]; *Jenkin* v. *Pacific etc. Ins. Co.,* 131 Cal. 121 [63

Pac. 180].) A reading of the foregoing cases and other authorities leads to the conclusion that it is often difficult to draw the line in determining which portions of a given statement of a patient may and which portions may not be properly given in evidence by the physician. But we believe that the difficulty presented by this type of testimony is more apparent than real when the purpose of admitting such evidence is considered and appropriate instructions relating thereto are requested and given. Such evidence is not admitted for the purpose of establishing the facts contained in the statement of the patient, but it is admitted to show the basis for the physician's opinion as to the nature and extent of the injuries. (*Davis* v. *Renton, supra,* pp. 564, 565.) The appellant might properly have requested that the jury be given an instruction to that effect and, having failed to request such instruction, we do not believe appellant may be heard to complain on this appeal. It may be further stated that substantially the same "history of the accident" was given under oath by respondent at the trial and that appellant was permitted to introduce substantially the same "history of the accident" as given by respondent to other physicians. The error, if any, in admitting certain portions of said statement cannot therefore be considered prejudicial to appellant.

The last claim of error reads "Error of the trial court in admitting copy of deposition of Joseph John Miller, taken in the United States District Court, without proper foundation being laid therefor." The testimony of the witness Miller, a seaman, had been taken by deposition in an action pending in the United States District Court between the same parties and involving the same subject-matter. The parties were represented at the taking of said deposition by their respective counsel appearing herein and said witness was examined and cross-examined at length. Assuming, without deciding, that the proper foundation was not laid for admitting said deposition, we are nevertheless of the opinion that appellant has failed to show prejudice justifying a reversal. We have examined the testimony of said witness and the remaining testimony found in the record. It appears that the testimony of said witness, in all of its material aspects, was merely cumulative in its nature and it does not appear probable that any different result would

have been reached if said testimony had been excluded. We therefore conclude that the provisions of section 4½ of article VI of the Constitution are applicable to the alleged error last mentioned.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.