[Civ. No. 12240. First Dist., Div. Two. Dec. 31, 1942.]

CHARLES ARTHUR MARSHALL, a Minor, etc., Respondent, v. MILDRED McCARTHY, Appellant.

Robert L. Lamb, Daniel J. O'Brien, Jr., R. H. Cormany and A. Dal Thomson for Appellant.

Joseph A. Brown and Hyman & Hyman for Respondent.

NOURSE, P. J.—In this action for personal injuries the defendant appeals from a judgment entered on a verdict of a jury for $4,000. At the trial the defendant admitted liability. The only question presented by this appeal is the excessiveness of the damages awarded.

On July 3, 1941, the plaintiff, a boy of fifteen years, was struck by an automobile driven by defendant and was thrown into a ditch. As a result of the accident he received a broken leg, numerous cuts and abrasions and a bump on the head. At the time of the trial in February, 1942, although the doctors testified that he suffered no permanent injuries, his leg was still not normal; he suffered pain in his leg if he walked too far, and he still had headaches. He was in the hospital for ten days; his leg was in a cast for about four months, and he was unable to walk without crutches for five months.

Where the question of excessive damages is before an appellate court the determining factors are said to be in *Davis* v. *Renton*, 113 Cal.App. 561 [298 P. 834] at 563: "The remedy for safeguarding against the danger of excessive verdicts is committed necessarily to a great extent to the judge who presides at the trial, and the reviewing court may interfere only in cases where the excess appears as a matter of law, or where the recovery is so grossly disproportionate to any compensation reasonably warranted by the facts as to shock the sense of justice or at first blush raise a presumption that it is the result of passion, prejudice or corruption rather than honest and sober judgment (*Bond* v. *United Railroads*, 159 Cal. 270 [Ann.Cas. 1912C, 250, 48 L.R.A. N.S. 687, 113 P. 366]; *Pedrow* v. *Federoff*, 77 Cal.App. 164

[247 P. 212]; *Horn* v. *Yellow Cab Co.*, 88 Cal.App. 678 [263 P. 1025]); and in order to determine this question it is necessary to measure the amount of the damages awarded with the evidence showing the nature and extent of the injuries received. (*Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237 [116 P. 513]; *Von Stetten* v. *Yellow Checker Cab Co.*, 100 Cal.App. 775 [281 P. 95].) Moreover, where the element of past and future pain is involved it is always difficult to fix the amount of damages to be allowed therefor. (*Pedrow* v. *Federoff, supra.*)" There is nothing in the record before us to indicate that the award was the result of passion or prejudice. In the instant case a motion for new trial on these same grounds was made and denied. In *Barr* v. *Venice Giant Dipper Co., Ltd.*, 138 Cal.App. 563 [32 P.2d 980], in sustaining an award of $5000 to a minor for a "broken leg, sprained wrist and general discomfort," we said at page 565 " . . . we cannot say that it is so gravely disproportionate to the injury suffered that it should not be sustained." The same statement is applicable to the present facts.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.