## COLUMBIAN NAT. LIFE INS. CO. v. A. QUANDT & SONS.

### No. 11152.

Circuit Court of Appeals, Ninth Circuit.

April 23, 1946.

Keesling & Keil and Francis Carroll, all of San Francisco, Cal., for appellant.

C. M. Dawson and Walter E. Dorn, both of San Francisco, Cal., for appellee.

Before GARRECHT, HEALY, and BONE, Circuit Judges.

GARRECHT, Circuit Court.

On December 4, 1943, the appellant, the Columbian National Life Insurance Company, delivered a life insurance policy, No. 275203, dated 'October 23, 1943, to Theodore Quandt, which policy insured the life of said Theodore Quandt in the amount of $15,000.

Theodore Quandt died April 2, 1944. A. Quandt & Sons, the beneficiary in the said insurance policy, made demand for payment of the principal of the policy. Upon refusal of payment, the beneficiary instituted suit in the lower court for the $15,000 and interest. The lower court entered judgment for the appellee, A. Quandt & Sons, in the sum of $15,000, together with interest in the amount of $910.04 and costs.

It is undisputed that the insured died of cancer. The appellant urges that the evidence was uncontradicted that he must have had the cancer at the time the insurance was issued; that, therefore, he was not then in sound health and the insurance never took effect.

The application for the life insurance policy included this provision:

"It is agreed as follows: 1. That the insurance hereby applied for shall not take effect until the issuance and delivery of the policy and the payment of the first premium thereon while the proposed insured is in sound health."

The question before the trial court was one of fact—was the insured in sound health at the time of the issuance and delivery of the policy and payment of the first premium? There is no claim of fraud, misrepresentation or concealment. There was considerable testimony. The doctor who examined the insured for the insurance company testified that he found no symptoms of cancer, that he found no symptoms warranting any further examination, that as far as he could determine the insured was in sound health at the time of the examination for the insurance. Another doctor who had examined the insured about the same time testified that the insured was in perfect health then, and by perfect health he meant sound health in the words of the insurance policy. The doctor, who performed the autopsy, as a witness for the appellant on direct examination declared that the cancer was at least a year old at the time of the insured's death, but on cross-examination qualified the statement thus, " * * * I would prefer to say that he had probably had it for six months or even longer, but that can't be said positively." There was other conflicting testimony. The lower court found that Theodore Quandt was in sound health in accordance with the terms of the policy.

Where there is a conflict in the evidence, this court must keep in mind that the trial judge who hears and sees the witnesses has a better opportunity to appraise their credibility and judge the weight to be attached to their testimony. We cannot say that the finding of the lower court was

clearly erroneous. It is the rule that the findings of the trial court are to be accepted on appeal unless clearly wrong.[1]

---

[1] Lincoln Nat. Life Ins. Co. v. Mathisen, 9 Cir., 150 F.2d 292; Stimson v. Tarrant et al., 9 Cir., 132 F.2d 363, and cases cited; O'Brien's Manual on Federal Appellate Procedure, pages 17, 18, 19, 20 and cases cited therein; Rule 52(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.