**LUTZ et al. v. NEW ENGLAND MUT. LIFE INS. CO. OF BOSTON.**

No. 11180.

Circuit Court of Appeals, Ninth Circuit.

June 24, 1946.

834

McLaughlin, McGinley & Hanson and John P. McGinley, all of Los Angeles, Cal. (William L. Baugh, of Los Angeles, Cal., of counsel), for appellants.

Meserve, Mumper & Hughes and Roy L. Herndon, all of Los Angeles, Cal., for appellee.

Before GARRECHT, DENMAN, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment of the district court holding void and unenforceable and ordering the surrender of a policy of life insurance on the life of Abe Lutz, hereinafter called the insured, applied for and issued to Harry Lutz, his son. The judgment was based upon findings of the absence of the required good health in Abe Lutz at the time the first premium was paid and the policy delivered and of misrepresentation in the application signed by Abe Lutz. The action below was initiated by the complaint of appellee company for the avoidance of the policy. Appellants answered and counter-claimed for a recovery on the policy. The company's answer to the counter-claim pleaded again the absence of good health and the misrepresentations. The judgment also denied the counter-claim.

The policy provided that "* * * the insurance applied for shall not take effect unless and until this Application is approved by the Company at its Home office and the first premium is paid while the Proposed Insured is in good health; * * *" Appellants do not contend that the policy is binding if the insured is not in good health when the policy is delivered and the first premium is paid.[1] It is claimed that there is no evidence to support the finding that .

"That it was, and is, provided by the terms of said policy of life insurance and of the application therefor that said policy should not take effect unless and until said application should be approved by plaintiff at its home office and the first premium paid while the said insured was in good health. That said insured was not in good health at the time said policy was delivered, or at the time the first premium thereon was paid. That said insured knew, at the time said application for insurance was signed and delivered and at the time said policy was issued and delivered, and at the time the first premium thereon was paid, that he was not in good health, but that he was suffering from a serious disease of the heart, to-wit, angina pectoris."

We do not agree. There is abundant testimony to warrant the inference that Abe Lutz was afflicted with angina pectoris and was not in the required good health at the time in question.

The testimony upon which the above facts are in large part based is given by Abe Lutz's physician, whose determination of the existence of angina pectoris in the insured was based, in part, on the insured's statements to him. · The application waived the privilege against the insured's physician testifying and authorized the disclosure of any information communicated to the physician.

Such testimony by a physician of the statements of his patient as to the latter's condition necessary to a diagnosis of a disease, though hearsay, is admissible under the California law. People v. Shattuck, 109 Cal. 673, 676, 42 P. 315; Tierney v. Chas. Nelson Co., 19 Cal.App.2d 34, 64 P.2d 1150. The statements held inadmissible hearsay in Yore v. Booth, 110 Cal. 238, 42 P. 808, 52 Am.St.Rep. 81, cited by appellants, are not such statements to a physician.

Appellants claim that because the application becomes a part of the policy, if valid, it ceases to be such a waiver if the policy is held invalid. We do not agree. The application seeks the consideration of the insurance company to induce the issuance of the policy. It does not lose its quality as a waiver of the privilege if

---

[1] Gill v. Mutual Life Ins. Co., 8 Cir., 63 F.2d 967, 970; Shaner v. West Coast Life Ins. Co., 10 Cir., 73 F.2d 681, 684.

Cf. The Columbian National Life Ins. Co. v. A. Quandt & Sons, 9 Cir., 154 F. 2d 1006.

the policy is held not valid. Even if it were not so, the appellants' counter-claim seeking recovery on the policy, which by its terms includes the application, would make the waiver of privilege valid in the company's defense against recovery of the amount insured.

Since the policy never was valid and hence should be cancelled and returned to the insurance company, it is not necessary to pass on the company's contention that the insured's application contained untruthful statements concerning his freedom from diseases of a character likely to cause a rejection of the application for the insurance.

The judgment is affirmed.