[Civ. No. 17313.   First Dist., Div. Two.   Mar. 17, 1958.]

MARGARET JONES et al., Appellants, v. THE ANGLO CALIFORNIA NATIONAL BANK OF SAN FRANCISCO et al., Respondents.

Bledsoe, Smith, Cathcart, Johnson & Phelps and Joseph W. Rogers, Jr., for Appellants.

Bronson, Bronson & McKinnon for Respondents.

KAUFMAN, P. J.—Plaintiff Margaret Jones brought this action to recover damages for personal injuries resulting from the alleged acts of the defendant Walker's employee in retaking possession of an automobile. She appeals from a judgment entered on a jury verdict in favor of the defendants, alleging that the trial court committed prejudicial errors in its instructions to the jury.

The automobile in question, a 1947 De Soto, was bought in August, 1947, by the plaintiff's brother-in-law, Russell Bennet, on a conditional sales contract subsequently assigned to the defendant Anglo California Bank. After Bennet became ill, the plaintiff and her husband, with the oral consent of the bank, took over the car and the payments. They punctually made all of the payments including the final payment in August 1949. A controversy developed as to the propriety of a charge of $114 for collision insurance. After the trial the plaintiffs conceded that the charge was proper and that under the contract, the bank was entitled to make a lawful repossession of the car. The appeal as to defendant Anglo California Bank has therefore been abandoned. Plaintiff contends only that the manner of repossession was unlawful and resulted in personal injuries to her. The complaint initially contained three counts: (1) assault and battery; (2) negligence; (3) the amount of the insurance premium and expense of recovering the car. The third count was dismissed before the trial started.

The facts are as follows: The defendant, L. A. Walker Company, which specialized in collecting payments and repossessing cars for banks and finance companies, had received instructions from its client, the Anglo Bank, to repossess the vehicle without contacting either Bennet or Mr. and Mrs. Jones. On July 6, 1950, two employees of the Walker Company, Bernie Birch and E. C. Hunt, drove to the Jones' residence in Sharp Park to locate the car. According to the report subsequently filed with their employer, the following ensued:

"Client's car was not there, called on the phone, lady advised Jones was in S.F., started to return to S.F. and spotted car returning—followed it back, subject parked directly in

front of his place [a real estate and contracting office in Edge-
mar], it was impossible to repossess without contacting
subj. . . .

"Decided to try to get subj. to drive car out by inquiring
about lots he had for sale on top of hill nearby. . . ."

As Birch had been employed by the Jones' a few months
earlier, they decided that Hunt was to undertake the repos-
session. Hunt made another call to the Jones real estate
office, stating he was interested in buying some lots, and was
coming down from Petaluma to look at them.

Hunt entered the office and informed Mrs. Jones that he was
the gentleman from Petaluma who had called earlier. When
he explained that he had no car, Mrs. Jones agreed to take
him out to see the lots in her car. The lots Hunt wanted to
see were on a hill and could be reached only by a narrow un-
paved road. The report continues as follows: The wife, inter-
ested in showing the property, drove to the top of the hill,
she got out of the car to show how far the lines ran, and when
she had walked to the end of the property, leaving the keys in
the car, no time was lost by Hunt in starting the car and
driving away down the hill. She was surprised at seeing the
car being taken; her footing on the hill became insecure and
as the car was being driven away she was seen slipping as she
started down the hill. Birch remained in his car in front of
the Jones' office until he saw Hunt drive by in the automobile
about 20 minutes after he had left with Mrs. Jones. Hunt
drove the car to a garage and notified the San Mateo Sheriff's
office that the car had been repossessed and stored for the
Anglo Bank.

The testimony of the plaintiff substantiated the above
except as to the details of the repossession. She stated that
when she first saw Hunt return to the car she thought that
the handbrake had failed and he was going to stop the car
from rolling down the hill. Then, when she saw Hunt start
the car, she thought the car was being stolen, so she opened
the door a few inches. Her sleeve caught in one of the door
handles and she held on, fearing she would fall under the
rear wheels, as the car was moving forward to the right. After
she had been dragged for a considerable distance the car
swerved suddenly, threw her to the ground, and continued
down the hill. Mrs. Jones picked herself up and went down
the road 300 to 400 feet toward the nearest houses crying for
help. She was almost hysterical, her clothes bedraggled and
her knees skinned and bleeding. She attracted the attention of

Mrs. Simpson and Mrs. Schoeneck, who lived in the nearest houses, and told them her car had been stolen. Mrs. Simpson called the sheriff's office. Mrs. Schoeneck drove Mrs. Jones back to the real estate office. At the suggestion of the deputy sheriff, who soon arrived to take a report, Mrs. Jones was taken to her doctor by some friends. There was extensive and conflicting evidence as to the cause, nature and extent of her injuries, Mrs. Jones seeking to establish that due to the occurrence of June 6, 1950, she suffered an incisional hernia on the site of a previous operation which necessitated two further operations as well as injuries to her shoulder.

█ Plaintiff's first allegation of error on appeal is the following instruction given by the court of its own motion:

"XV. So the fact that one has the legal right to repossess does not entitle one to commit an assault. Of course, he must exercise ordinary care as defined later in these instructions. The fact that you may find that there was a device or ruse or deception, of which you may not approve, does not constitute a ground for a verdict in favor of the plaintiff. You must find either that there was negligence or an assault committed against her."

Plaintiff contends that this instruction was prejudicial because it informed the jury that Hunt's ruse was not relevant to any issue in the case. The rule is that the instructions must be read as a whole. (*Smith* v. *H. E. Anning Co.*, 156 Cal. App.2d 842 [320 P.2d 42].) This instruction, when read with Instructions XII and XIII, which are as follows, is a proper statement of the law:

"XII. Now, to clear away any confusion as to what the issues are; I have given you the issues namely; was there any assault; was there negligence; and if so, was such negligence or assault the proximate cause of injury to the plaintiff, and then the issues as to agency, but the issue of whether or not there was a legal right to repossess the car really isn't an issue in this case. There was evidence relating to it only so far as it may throw any light upon the real and true issues in the case. However, I instruct you that under the conditional sales contract, and under the evidence that developed here, the Anglo California National Bank had the legal right to repossess said automobile from the plaintiff with or without notice to her; and

"You are hereby further instructed that any person employed by said bank to repossess said automobile on behalf of said bank had the same legal right as the bank to repossess

said automobile with or without notice to the plaintiff, whether that party was an agent or independent contractor.''

''XIII. Now, the fact that the bank or anyone employed or delegated or whether it was an agent or contractor to repossess, the fact that they had a legal right, does not entitle the party to take the property from the one in possession by force or violence. If a person is entitled to recover property in the possession of another, he had no privilege to commit an assault or battery upon that person, even if the one in possession has lost his right to retain the property and is therefore a wrongdoer in refusing to give it up. Unless the property can be recovered by the person entitled to possession without any force or violence, he must resort to legal proceedings.''

Plaintiff is correct in her statement that one who has the right to retake a chattel peaceably, has no right to retake by force or breach of the peace, and is liable for any damage proximately caused by the improper method of retaking. However, these principles have no relevance here. The jury did not find an unlawful repossession which proximately caused injury to the plaintiff. The jury heard the conflicting versions of the repossession, and believed, as their verdict indicates, the evidence offered on behalf of the defendant and rejected that presented on behalf of the plaintiff. Plaintiff here concedes that he has found no case in which a repossession accomplished by deception resulted in personal injury. The method used by Hunt cannot be condoned, but this does not mean that under these circumstances mere deception without any resulting injury is a wrong of sufficient magnitude to be recognized by the law.

█ Plaintiff next contends that the court committed further error in giving the following instruction:

''If you find that the sole proximate cause of the accident was due to some act or omission on the part of Mrs. Jones in her walking or running, then this completely exonerates the defendant from any responsibility, and under such circumstances, your verdict should be in favor of the defendant.''

There is no merit in this contention. The jury was properly instructed that proximate cause was a necessary element of liability. There was evidence which the jury could have believed that the plaintiff's own acts were the sole proximate cause of her injuries which according to some of the evidence were minor and negligible. The plaintiff was a rather obese woman who was running after a car on rough terrain. █ It

is well established that the acts of a plaintiff or a third person may intervene and constitute the sole proximate cause of harm, relieving the defendant of liability, even though the defendant has done something which set a chain of events into motion. (*Girard* v. *Monrovia City School Dist.*, 121 Cal.App. 2d 737 [264 P.2d 115] ; *Johnson* v. *Union Furniture Co.*, 31 Cal.App.2d 234 [87 P.2d 917] ; *Von Stetten* v. *Yellow-Checker Cab Co.*, 100 Cal.App. 775 [281 P. 95].)

■ Plaintiff's final contention of error is the trial court's denial of her requested instructions on punitive damages and giving an instruction that punitive damages could not be awarded. In view of the verdict in favor of the defendant as to compensatory damages, there could not have been any prejudice to the plaintiff in the refusal of the instruction as to exemplary damages. (Civ. Code, § 3294; *Sterling Drug, Inc.* v. *Benatar*, 99 Cal.App.2d 393 [221 P.2d 965].)

No prejudicial error appearing in the record before us the judgment must be affirmed.

Judgment affirmed.

Draper, J., concurred.

DOOLING, J.—I concur, but since the opinion of the Presiding Justice omits all discussion of the point most stressed by appellant I feel obliged to add the following comments:

Appellant argues, with citation of supporting authority from other jurisdictions, that the use of ruse or deception to retake possession of a chattel is tortious even though the recaptor is legally entitled to the possession. She then argues that if a reasonably foreseeable result of the recaption by ruse or deception is that the plaintiff might be injured in attempting to regain the property and such injury does occur, the retaking is a proximate cause of the resulting injury. Appellant's argument amounts to this: Hunt in driving off the car as he did might reasonably foresee that she would believe that he was stealing the car, and would run over the rough ground in an attempt to retake it and might in so doing fall and injure herself.

Conceding, without deciding, that such conduct would be actionable the plain answer is that appellant did not plead such a cause of action. She pleaded in Count 1 assault and battery and in Count 2 a negligent driving of the automobile

"so as to cause it to strike plaintiff and to drag her along the road."

These two issues went to the jury under instructions that would make it their duty to find for the plaintiff if they found these allegations of either count to be true. We must therefore conclude that the jury found against plaintiff on both issues. Appellant cannot, under settled principles, introduce on appeal a third issue which was not presented by her pleadings.

Appellants' petition for a hearing by the Supreme Court was denied May 14, 1958. Carter, J., and Traynor, J., were of the opinion that the petition should be granted.