[No. 7,099.—Department Two.]

## TIMOTHY SHEEHY v. J. E. GRAVES ET AL.

EXECUTION—PARTNERSHIP PROPERTY—SHERIFF—CHATTEL MORTGAGE.—F. and S. were partners in a crop, and the latter mortgaged his interest, and the mortgagee took possession of the whole crop. Afterwards, in an action by the plaintiff against F. & S., an attachment was levied upon the crop by the defendant as Sheriff. In an action against the defendant for failure to make the money on an execution out of the property attached, the Court found that it was agreed between the plaintiff, the defendant, and the mortgagee, that the latter should thresh and sack the grain, and that whatever should belong to the "S." interest should be delivered to the defendant upon the plaintiff's attachment. The mortgagee threshed and sold the grain, and paid to the defendant three hundred and nineteen dollars, as the part belonging to S., and this was applied on the execution, leaving a balance of five hundred and eighty-two dollars and fifty cents. Upon an appeal from a judgment for the defendant,

*Held*, That under the facts found, it was the duty of the Sheriff to take possession of the S. interest after it was threshed and sacked, and to sell it in the manner required by law; and that he had no right to sell at pri-

vate sale, or authorize another to do so; and that therefore the decision was against law, and the judgment should be reversed on the findings.

*Held, further*, That the evidence did not sustain the findings that the plaintiff agreed with the defendant and mortgagee as therein stated. Also, that it was the duty of the Sheriff, having in his hand the execution against both partners, to take possession of the whole crop.

APPEAL from a judgment for the defendants and from an order denying a new trial, in the Twentieth District Court, County of Monterey. BELDEN, J.

*A. S. Kittredge*, for Appellant.

The "Shinn" interest being held under the attachment, it was the Sheriff's plain duty to keep it within his control, and see that it was retained and applied in due form and process of law towards the satisfaction of plaintiff's judgment, when obtained. (*Sanford* v. *Boring*, 12 Cal. 541; Freeman on Executions, §§ 261, 283; Crocker on Sheriffs, 2d ed., § 448.)

*W. H. Webb* and *J. A. Wall*, for Respondent.

THORNTON, J.:

This is an action against the defendant Graves as Sheriff, and the sureties on his official bond, for a breach of such bond. The cause was tried by the Court, a jury having been waived, and judgment passed for the defendants. Plaintiff moved for a new trial, which was denied, and he appealed from the judgment and the order denying a new trial.

It is averred in the complaint that on the 23d of August, 1876, the plaintiff commenced an action in the District Court for Monterey County, against one Darius Finch and Charles Shinn for the recovery of about eight hundred and fifty dollars; that the defendants having been served with summons, failed to answer, and judgment by default was, on the 23d of October, 1876, entered against them in favor of plaintiff for eight hundred and forty-six dollars and costs; that on the day the action was commenced a writ of attachment was regularly issued, which came to the hands of defendant Graves, Sheriff as aforesaid, and was by him, on the 24th of August, 1876, levied on certain wheat in sheaf and barley in stack, part of same being on Sheehy's land, and the other portion on the land of Rowe, which had been rented by Finch; that the

wheat and barley seized on the Sheehy tract was the property of Finch & Shinn, and that on Rowe's land was the property of Finch; that the property so levied on was, when seized under the writ, more than sufficient in value, after deducting all costs, charges, and expenses of every kind for harvesting and otherwise, to pay off and satisfy the claim of plaintiff in said action and the judgment therein recovered; that said property was never released from the attachment, and was not exempt from execution; that after the recovery of the judgment of 23d of October, 1876, a writ of execution was issued on said judgment and came to the hands of the Sheriff, Graves, on the 3d of November, 1876. The mandate of this writ of execution was in the usual form required by law. That the property attached was in Monterey County, and was the personal property of the debtors at the time it was attached. It is further alleged "that the Sheriff was in duty bound to hold and retain the attached property as security for the judgment and execution issued thereon, and to make out of the same the moneys by said said writ of execution commanded to be made; that said Sheriff has disregarded his said duty and has failed and neglected, without the authority, consent, or other interference of the plaintiff, to collect said moneys, or make due return thereof as commanded by said writ, except the sum of three hundred and nineteen dollars gold coin, as aforesaid, but no more, which said sum was paid to this plaintiff on or about December 1st, 1876; that said Sheriff, on January 8th, 1877, made return of said writ of execution, partly paid and satisfied, to wit: The sum of three hundred and nineteen dollars, as aforesaid, but not further or otherwise, and has wholly and wrongfully failed and neglected to collect and make return of the moneys, as commanded and in duty bound under said writ, for the satisfaction of the balance of said judgment, interest, and costs; that said balance is the sum of five hundred and eighty-two dollars and six cents, and legal interest thereon from January 1st, A. D. 1877," and no part of the same has been paid or in any way satisfied. It is also averred that the judgment debtors, Finch & Shinn, had no property, real or personal, at or within the dates mentioned in the complaint, in said Monterey County or elsewhere, except the property attached.

The decision of the Court is as follows :

" 1. In the summer of 1876 two parties, named Darius Finch and —— Shinn, were engaged as partners in farming in the County of Monterey, and rented from plaintiff, T. Sheehy, for that season, —— acres of land.

"Besides the land so rented and worked by Finch & Shinn, as partners, —— Finch rented and farmed upon his individual account a tract of land from —— Rowe.

" 2. Upon Finch's interest and growing crop upon the Rowe place, one Mooney had a mortgage. By arrangement of Finch with H. Jackson, Jackson, in August, 1876, paid off the Mooney mortgage and then took a new mortgage from Finch for the amount paid Mooney and also for a debt due to himself from Finch, and also for future advances to be made by Jackson to Finch. This mortgage was for about two thousand two hundred dollars, and was executed upon the 21st day of August, 1876, and was forwith recorded in the proper records of Monterey County.

"At the date of the execution of this mortgage most of the grain was cut upon both the Rowe and Sheehy places, and the greater part of it had then been stacked.

" Jackson upon receiving the mortgage went upon both places and examined the crop, and placed a man in charge of the crop. The Rowe and Sheehy fields were about one and one half miles distant from each other.

" 3. Upon the 24th day of August, 1876, Timothy Sheehy commenced an action against 'Finch & Shinn' and filed the affidavit and undertaking necessary to authorize an attachment, and an attachment issued in said cause, and was by the defendant, as Sheriff of Monterey County, executed by levying upon the interest of 'Finch & Shinn,' or either of them, in the two parcels of land above described and in the crop growing or being upon the same.

"At the time this levy was made parties representing 'Jackson' were in the possession and occupation of both fields, and the Sheriff was by them informed that Jackson claimed an interest in these crops.

" 4. After the levy of this attachment Sheehy prosecuted said action to final judgment and recovered a judgment against Finch & Shinn, October 23d, 1876, for eight hun-

dred and sixty-four dollars and sixty-five cents, which judgment was and is in full force and only so far satisfied as is hereafter set forth.

"5. After the levy of said attachment 'Jackson' proceeded to thresh said crop, and hired competent and suitable persons, and made the most advantageous terms practicable for the threshing and marketing of said crop.

" There was threshed and sacked upon said two tracts the following amounts and character of grain :

"Upon the Rowe place—wheat, 77,500 pounds; barley, 19,-072 pounds. Upon the Sheehy place—wheat, 64,098 pounds; Chevalier barley, 23,140 pounds; common barley, 21,625 pounds. There was expended by Jackson in harvesting the crop upon the two places, six hundred and nineteen dollars and twenty-four cents.

"It was agreed between Sheehy, the Sheriff, and Jackson, that the latter should thresh and sack the grain, and that whatever belonged to the 'Shinn' interest should be delivered to the Sheriff upon the Sheehy attachment. After the harvesting and marketing of the crop there was paid to the Sheriff by 'Jackson' three hundred and nineteen dollars as the part belonging to 'Shinn,' and this was by the Sheriff applied upon the 'Sheehy' attachment and execution, there remaining unsatisfied of the Sheehy judgment above described about five hundred and eighty-two dollars and fifty cents, together with legal interest from the date of its rendition.

" 6. Besides the expenditures named by Jackson in securing this crop, he was obliged by the terms of the lease from ' Rowe ' to pay the rent upon the Rowe tract, and did so. This amounted to four hundred dollars.

"7. After the sale and application of all the proceeds of the crop grown upon the Rowe and Sheehy places, the whole of said proceeds did not equal the advances made by and mortgaged to Jackson, and the costs incurred by him in harvesting the crop, by the sum of about three hundred dollars.

" All these costs and expenses were paid and advanced by Jackson personally.

" 8. I find that the defendant used due and proper diligence in executing his writ in the Sheehy case, and that all the money and property available, as applicable from said crops,

or from said attachment and execution, was by him made and applied upon the same.

"Judgment for the defendant for costs of suit."

The only points to which our attention is called are the insufficiency of the evidence to justify the decision of the Court, and that it is against law.

Is not the decision against law ? It is found by the Court, that in the summer of 1876, Finch & Shinn were engaged as partners in farming in the county of Monterey, and rented from plaintiff Sheehy for that season —— acres of land. Then the wheat and barley that were grown on this place were partnership property. This was the grain that was levied on by the plaintiff under the writ of attachment. This levy was made on the 24th of August, 1876. It is found that it (the levy) was made upon the interest of Finch & Shinn, in the two parcels of land (Sheehy's and Rowe's), and the crop growing on the same ; that Jackson's mortgage was executed on the 21st of August, 1876, and was forthwith properly recorded ; that at the date of the execution of this mortgage, most of the grain was cut upon both places, and the greater part of it had been stacked ; that Jackson, upon receiving the mortgage, went on both places and examined the crop, and placed a man in charge of the crop ; that at the time of the levy of the attachment, parties representing Jackson were in possession and occupation of both fields, and the Sheriff was by them informed that Jackson claimed an interest in these crops.

It is averred in the complaint, and not denied in the answer, that judgment was recovered by plaintiff in the action of Sheehy against Finch & Shinn, on the 23d of October, 1876, for eight hundred and sixty-four dollars and sixty-five cents; that on this judgment a writ of execution was sued out which came to the Sheriff's hands on the 3d of November, 1876. It is further found that it was agreed between the plaintiff Sheehy, the Sheriff, and Jackson, that the latter should thresh and sack the grain and deliver to the Sheriff whatever belonged to the Shinn interest under the attachment.

It appears from the findings that Jackson did thresh and sack the crop, delivered none of the grain to the Sheriff, but

sold it himself and paid to the Sheriff three hundred and nineteen dollars as the part belonging to the Shinn interest, which was applied by the Sheriff upon the execution, leaving a balance of the judgment unsatisfied, amounting to five hundred and eighty-two dollars and fifty cents, with interest from the date of its rendition. The amount of grain threshed and sacked is found, but its value is not.

It was the duty of the Sheriff to have taken possession of the Shinn interest, and have sold it in the manner required by law. Jackson had no mortgage on the Shinn interest, and the Sheriff should have looked after that interest, and taken possession of it when threshed and sacked, under the facts as found by the Court. The Sheriff had no right to sell at private sale, nor to authorize any one else to do so. (Code Civ. Proc., §§ 691–694.) His duty was to give notice of the sale of such property by posting written notices thereof in three public places in the township or city where the sale is to take place, for not less than five nor more than ten days. He is liable to a severe penalty for selling without such notice. He is required to sell to the highest bidder at auction, between the hours of nine in the morning and five in the afternoon. "When the sale is of personal property, capable of manual delivery" (as in this case), "it must be within view of those who attend the sale, and be sold in such parcels as are likely to bring the highest price." It makes no difference that Jackson obtained the highest price for the grain. He had no claim on it. The only figure it should have cut in the case, would be that the amount realized, when paid over to the plaintiff, might be allowed to go in reduction of damages. The conclusion of law drawn by the Court was not a proper deduction from the facts found. The Sheriff did not use due and proper diligence in executing the writ of execution in the Sheehy case, but, on the contrary, was in default. The default comes within the breach of the bond assigned, and the breach is fully made out by the testimony. The decision is against law, and the judgment and order should be reversed, and the cause remanded for a new trial.

We have considered this case upon the findings of the Court, and on these, as we have seen, the judgment and order must

be reversed. But we are also of opinion that some of the findings on material matters are not sustained by the evidence.

There was no evidence to sustain the finding that the plaintiff agreed with the sheriff and Jackson that the latter should thresh and sack the grain. It is clear from the testimony that the plaintiff had nothing to do with any such agreement.

The evidence does not sustain the finding that at the date of the mortgage to Jackson most of the grain was cut upon both the Rowe and Sheehy places, and the greater part of it had been stacked. The evidence shows that all the grain had been cut and was in sheaf and stack. If it was not cut, it did not pass to Jackson under his mortgage by its terms, for that mortgage only transferred to Jackson " all the wheat and barley *now in sheafs and stacks,* grown and raised the present season and now being" on the two places, describing them. If it was as found by the Court, the default of the Sheriff was greater, for it was his duty to take possession of that not cut—not in sheaf and stack.

The case demands some other observations. If the crop raised on the Sheehy place was partnership property, what right had Jackson to take possession of it to the exclusion of Shinn, the partner from whom he had no mortgage ? As against Jackson, who had a mortgage only of the interest of Finch, which interest could only be determined after a settlement of the accounts of the partnership, when it might have turned out that Shinn was entitled to the whole (Civ. Code, § 2405); Shinn had a right to the possession, and under these circumstances it was the duty of the Sheriff, having in his hands the execution against both the partners, to take possession of all the grain on the Sheehy place. Shinn could not be deprived of the possession of the whole by the assignment by his partner of his interest. The Sheriff neglected his duty and was guilty of a breach of his bond as set forth in the complaint, in not taking possession of the whole grain, at least on the Sheehy place, as he was ordered to do.

The judgment and order are reversed and the cause remanded.

SHARPSTEIN, J., and MYRICK, J., concurred.