[L. A. No. 2746.   Department One.—November 29, 1911.]

VINCENT MARSIGLIA, a Minor, by Malkola Marsiglia, his Guardian ad Litem, Appellant, v. MELVILLE DOZIER et al., Respondents.

NEGLIGENCE—FALLING OF WEIGHT ATTACHED TO CORD PASSING THROUGH PULLEY—PLEADING—PROXIMATE CAUSE OF INJURY—NEGLIGENCE IN RESPECT TO PULLEY.—In an action against a board of education to recover damages for an injury caused to a young child by the falling on him of a heavy weight used as a counterpoise to a stepladder constructed for a fire escape from a school building, the complaint fails to state a cause of action, if the only negligent act there stated is that of allowing the ladder to be lowered so as to be within reach of children and to remain there unguarded and unfastened, when its other allegations show that the direct and proximate cause of the injury must have been the defective construction or fastening of a pulley used to carry a cord connecting the stepladder with such weight, and there is no averment that the pulley was either negligently made or negligently affixed, nor any averment of negligence in respect to it.

ID.—PROXIMATE CAUSE OF INJURY MUST BE PLEADED.—Negligence is not presumed, and the plaintiff must allege and prove that the negligent act of the defendants was the direct or proximate cause of the injury, or he cannot recover.

APPEAL from a judgment of the Superior Court of Los Angeles County.   N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Peyton H. Moore, H. A. Massey, and Campbell & Moore, for Appellant.

Leslie R. Hewitt, and Harley E. Riggins, for Respondents.

SHAW, J.—A demurrer to the complaint was sustained and thereupon judgment was given for the defendants.   Plaintiff appeals therefrom.

The action is to recover damages suffered by plaintiff from an injury caused by a heavy weight falling against him.   The defendants are the members of the board of education of the city of Los Angeles.   The board maintains a high school in a high school building under its control.   The building was more

than two stories high. The law requires the board of education to provide such buildings with fire escapes. (Pol. Code, sec. 1890.) The fire escape provided by the defendants for this building consisted of a stepladder attached at one end by a hinge at the level of the second story floor and so arranged that the other end could be lowered to the ground if necessary for use. To facilitate this lowering, a wire rope was run from the movable end over a pulley, attached at the third floor level, and thence to a weight or counterpoise suspended in the air some twelve feet from the ground. The proper position of the ladder when not in use was at such a height that the lower end could not be reached by a person on the ground. When the end was lowered it would, of course, raise the weight. The injury was caused by this weight falling against the plaintiff's shoulder.

The negligence is alleged as follows: When the end of the ladder was down within reach of a person on the ground, it could be raised, lowered, and made to oscillate by a child. Consequently, it formed an attractive plaything for children in the vicinity. It did attract the plaintiff and other children thereto, as defendants well knew. Plaintiff was ten years old. In the position just stated the fire escape was a dangerous thing for children to play with. The reason why it was dangerous in that position is not stated. At the time of the injury the defendants had negligently allowed the ladder to be lowered so as to be accessible to children on the ground, and to remain there unguarded and without fastenings. Plaintiff and other children, by the negligence of defendants as aforesaid, were attracted to it. Plaintiff was standing beneath the weight. The other children were moving the ladder. By reason of their so moving the ladder, the pulley above, over which the rope ran, became loosened and detached from its fastenings, and allowed the weight to fall against plaintiff's shoulder, causing the injuries complained of.

The only negligent act here stated is the act of allowing the ladder to be lowered so as to be within reach of the children and to remain there unguarded and unfastened. This allowed the children to move the lower end of the ladder up and down and thus raise and lower the weight. But it was the purpose and plan of the apparatus that the weight as a counterpoise should thus move as the ladder was moved. This would turn

the pulley, of course. It was so designed and constructed. Given a proper condition of the pulley and the ladder might have been moved freely, with no result except the turning of the pulley and corresponding moving of the weight. Such movement would not have detached the pulley from its place, or caused the weight to fall. Therefore the direct and proximate cause of the injury must have been the defective construction or defective fastening of the pulley. There is no allegation that the pulley was either negligently made or negligently affixed, nor any averment of negligence in respect to it. If the moving of the ladder caused the pulley to break loose and the weight to fall, it was solely because of the condition of the pulley. Unless that condition was the result of the negligence of the defendants they cannot be held liable for the injury. Negligence is not presumed. The plaintiff must allege and prove that the negligent act of the defendants was the direct or proximate cause of the injury, or he cannot recover. No negligence being alleged with respect to the thing which caused the injury, it must be presumed that the defect was a latent defect with notice of which the defendants are not chargeable, or that the detachment of the pulley was brought about by the act of some third person for whom they are not responsible. The consequence is that the complaint does not state a cause of action.

The judgment is affirmed.

Angellotti, J., and Sloss, J., concurred.