[Civ. No. 7967.   Second Appellate District, Division Two.—September 5, 1933.]

RENA DE VITO, Respondent, v. JACK E. PETERSON et al., Defendants; PICKWICK STAGES SYSTEM (a Corporation) et al., Appellants.

Bryce P. Gibbs and Harry C. Lucas for Appellants.

P. V. Davis for Respondent.

ARCHBALD, J., *pro tem.*—This is an appeal by defendants Pickwick Stages System, a corporation, and Charles C. Cheesbrough from a judgment in the sum of $3,500 against them, entered on the verdict of a jury.  The remaining defendants have prosecuted a separate appeal, also decided this day (*ante,* p. 92 [25 Pac. (2d) 16]).

Cahuenga Boulevard is a paved highway 72 feet wide, running approximately north and south, with an upgrade

of 5.6 per cent to the north. Immediately west of this high-way, at the point of the accident in question, are two roads paralleling the boulevard for a short distance, known as Woodrow Wilson Drive and Mulholland Highway which come together near the scene of the collision and enter the boulevard through an opening in the west curb thereof, 64 feet wide. These roads enter but do not cross Cahuenga. On the day in question, while plaintiff was approaching said intersection from the north, driving approximately 10 to 15 feet to the right of the center of the boulevard, defend-ant Cheesbrough was approaching from the south driving a tow-car belonging to defendant Pickwick Stages System. Back of him about 15 feet, proceeding in the same direction, was a Buick coupe belonging to defendant Edna Shapiro and driven by defendant Jack E. Peterson, containing in addition the plaintiff in another case which grew out of the accident involved here and whose case was the subject of a separate appeal, consolidated with the appeal hereinbefore mentioned. When the tow-car reached the center of the intersection above referred to it made a left turn. The Buick turned with it to the left and then speeded up from the 30 or 35 miles per hour at which it had been traveling to 40, 45 or 50 miles, depending upon which witnesses are most reliable, in the minds of the jurors. Plaintiff observed the tow-car in front of her and slowed down to 20 miles an hour. Reaching a point about 100 feet from the tow-car, which was then about 10 feet from the west curb of the boulevard extended, she saw the Buick pass between the tow-car and the west curb, coming in her direction at from 40 to 45 miles per hour. She testified she turned to the right to get out of the way of the Buick, which was "headed northeasterly", and that "just as he got up to" her the Buick changed its course to the northwest and "right into my car . . . the left front". Defendant Peterson testified that after he passed the tow-car he drove parallel to the west curb. The cars came together about "50 feet north of the north point of the north half of Mulholland drive" and about 5 feet from the west curb line of Cahuenga Boulevard.

Plaintiff's second amended complaint, in pleading the negligence of the drivers of the Buick coupe and the tow-car, alleged (italics ours): "That as the said towcar driven

by said defendant Charles C. Cheesbrough arrived at a point where said Cahuenga Boulevard connects with said Woodrow Wilson Drive and Mulholland Drive, said defendants Charles C. Cheesbrough negligently and unlawfully made and attempted to make a left hand turn off said Cahuenga Boulevard towards and into said Woodrow Wilson Drive and Mulholland Drive *without giving any timely signal or warning or any signal or warning whatever;* that at the same time the said defendants Jack E. Peterson and Edna Shapiro negligently and carelessly proceeded to pass the said towcar to the extreme left hand side of said Cahuenga Boulevard while said towcar was in said intersection and when it was impossible for said Buick coupe or sedan and the said operators thereof to pass said towcar and return to the right hand side of said Cahuenga Boulevard before coming within one hundred feet or any distance whatever of the said vehicle being then operated by this plaintiff, without blowing any horn or giving any signal or warning whatever and operating and driving said car at an unlawful and dangerous rate of speed, to-wit: at a rate of speed approximately forty miles per hour; that as the said Buick car, guided by said defendant Peterson and operated as aforesaid by him and the defendant Edna Shapiro, passed around said towcar, he negligently and unlawfully guided the same so that it ran on the extreme left hand side of said Cahuenga Boulevard and, after the said plaintiff had brought her said car almost to a stop, the said defendant Peterson so negligently and unlawfully guided the said Buick car that the same ran into and collided with the plaintiff's said car, which said plaintiff had brought almost to a stop waiting for the said towcar to make said left hand turn, but the said defendants Peterson and Edna Shapiro made no effort whatever to slow down or stop the said Buick car and thereby permit said towcar to make said left hand turn, but proceeded to guide and operate said Buick car across said intersection so recklessly and negligently that the same crashed into the said car driven by this plaintiff, thereby completely wrecking the same and greatly and permanently injuring the plaintiff, as hereinafter more particularly set forth.''

Appellants contend that the second amended complaint does not state facts sufficient to constitute a cause

of action, in that it fails to show any causal connection between the alleged negligent act of defendant Cheesbrough and the injury to plaintiff.

It will be seen that the only act of negligence alleged against defendants here is in "negligently and unlawfully making a left hand turn off said Cahuenga boulevard towards and into said Woodrow Wilson drive and Mulholland drive" without giving any timely signal or warning or any signal or warning at all. The complaint then goes on to allege "that at the same time" defendants Peterson and Shapiro negligently and carelessly proceeded to pass said tow-car on the extreme left-hand side of Cahuenga Boulevard. No collision with the tow-car is alleged, and one of the charges of negligence in the driving of the Buick is that said passing was attempted "without blowing any horn or giving any signal or warning" and in "driving said car at an unlawful and dangerous rate of speed". The complaint shows that the Buick "passed around said towcar" and in so doing ran on the left-hand side of the boulevard, and although plaintiff had almost stopped her car "the said defendants Peterson and Edna Shapiro made no effort whatever to slow down or stop the said Buick car", "but proceeded to operate" the same "across said intersection so recklessly and negligently that the same crashed" into plaintiff's car. We fail to see how the failure on the part of the driver of the tow-car to give the required signal in turning could possibly be said to have compelled defendant Peterson to "negligently and carelessly" proceed to pass the tow-car on the left-hand side of the boulevard, in view of the fact that under the allegations of the complaint the tow-car was making a left-hand turn off said Cahuenga Boulevard toward and into said two connecting highways. If Peterson had time to pass directly across the path of the tow-car on the extreme left of Cahuenga Boulevard while the tow-car was still 10 feet from the highway toward which it was heading, he must certainly have had time to turn left instead of right and pass into Mulholland Highway ahead of that vehicle and on the right side of the street; and we do not see, even assuming that the tow-car in turning blocked the path of the Buick and compelled it to turn left with the tow-car, how the failure to signal caused the driver of the Buick to take the desperate chance of crossing

in front of the tow-car on the wrong side of the highway, when the other alternative would seem to have been open, from the language of the complaint. Nor does the complaint show how the allegedly negligent act concurred with the other apparently independent, alleged negligent acts of defendant Peterson.

Having safely avoided the question of the peril caused by the failure to signal, the complaint is strangely silent in neglecting to show how such failure to signal could have concurred in any negligent act of defendant Peterson thereafter. One might possibly well say that if the tow-car had not turned to the left as it did the accident would not have happened. That might be true and still, assuming that we could draw such an inference from the complaint, in our opinion it would fall far short of alleging the necessary causal connection with the injury. "It is not enough to prove proximate cause to show that the injury would not have resulted in the absence of the negligent omission. Plaintiff must go further and show that the negligent omission was an efficient cause from which the injury followed in a natural and continuous sequence, unbroken by any efficient intervening cause." (*Marovich* v. *Central California Traction Co.*, 191 Cal. 295, 304 [216 Pac. 595, 599].) This we think the second amended complaint fails to do.

In the case of *Smith* v. *Buttner*, 90 Cal. 95 [27 Pac. 29], the complaint alleged that "defendant wholly failed and neglected to provide any safe and proper means of entrance to or egress from the house" rented by plaintiff from defendant, and that "by reason of the negligence and failure of defendant to provide" a safe, suitable, or proper exit, plaintiff in attempting "to descend from said house to the ground", while "exercising due care and diligence", fell and injured herself. There, as here, it might be inferred that the injury probably would not have occurred but for defendant's negligence, but as the court well said (italics ours) : "Such complaint does not state the *facts* constituting plaintiff's cause of action. It is well settled that negligence may be charged in general terms; that is to say, what was done being stated, it is sufficient to say that it was negligently done, without stating the particular omission which rendered the act negligent. *But it must appear from the facts averred that the negligence caused or contributed*

*to the injury.''* This, in our opinion, as we have said, the amended complaint here fails to do.

We are of the opinion that the pleader stated all facts bearing on the negligence of appellant, as the evidence fails to show any more. Not only does the evidence show that there were no cars at all coming out of Woodrow Wilson Drive or Mulholland Highway at the time, but that those roads were clear as far as the only witness testifying concerning them could·see, viz., Mr. Cheesbrough, the driver of the tow-car, who was driving in that direction, and it supports, the conclusion that defendant Peterson could have driven into them without going on the wrong side of either. Furthermore, we fail to see how, under the instructions of the court, the jury could have failed to find plaintiff guilty of contributory negligence unless they believed her story, namely, that when the Buick crossed in front of the tow-car it was headed northeasterly toward her car, which was about 100 feet away and from 10 to 15 feet west of the center line of the boulevard, that to avoid it she turned to the right, and that when the cars were close together the Buick turned to the northwest and struck the left front of her car. The evidence shows that she was not disturbed by the way the car came at her, but that she acted calmly and with discretion. If plaintiff's testimony was believed, then in addition to the act of Peterson in speeding up his car to pass the two other vehicles, when it would seem apparent that other ways were open to him, which act could not possibly have resulted from the failure of Cheesbrough to signal, we would have another independent act of negligence on the part of such defendant, not connected in any way with the alleged negligent act of Cheesbrough. We agree with appellants' contention that the evidence fails to show that the negligence of Cheesbrough (which we must assume, although denied by him) proximately contributed to plaintiff's injuries. The conclusion we have reached makes it unnecessary to consider the other contentions of appellants.

Judgment reversed as to defendants Pickwick Stages System and Charles C. Cheesbrough.

Works, P. J., and Stephens, J., concurred.