[Civ. No. 13475. Second Dist., Div. Three. July 31, 1942.]

F. W. MILES, Plaintiff and Respondent, v. H. W. VAN HAGEN, Defendant and Respondent; K. L. ACKER et al., Appellants.

Sigurd E. Murphy and George Finucane for Appellants.

Thomas P. Walker and Alfred R. Meyers for Plaintiff and Respondent.

Philip W. Erbsen for Defendant and Respondent.

SCHAUER, P. J. — Appellants (defendant Acker and his employers), with commendable conciseness, state that "there is one and only one question before the court on this appeal and that is — Is the negligence of Van Hagen the proximate cause of the accident in which the plaintiff received his injuries?" Appellants urge that their question must be answered in the affirmative. They do not (and on the record they could not properly) contend that the evidence is insufficient to establish negligence of the defendant Acker, but they zealously argue that his negligence is but a remote wellspring of plaintiff's injuries, separated causally by the independent, intervening agency of defendant Van Hagen. The facts, however, provide a negative answer which the zeal of appellants' counsel cannot overcome.

The accident involved three motor vehicles and is novel to this extent: the vehicle held solely responsible did not come in physical contact with either of the other two. The collision was between an automobile being driven by plain-

tiff Miles in a westerly direction on Foothill Boulevard and a car traveling east which was being operated by defendant Van Hagen. The point of impact was stipulated to be on the north half of Foothill Boulevard 109 feet east of the center of its intersection with Magnolia Avenue in the city of Monrovia. Foothill Boulevard at the locale in question is a four-lane paved thoroughfare running east and west, with a roadway 62 feet in width. Magnolia Avenue runs north and south and its roadway is 34 feet wide.

Immediately preceding the collision defendant Acker was driving a truck, owned by the other defendants, excluding Van Hagen, in an easterly direction along the south side (most southerly traffic lane) of Foothill Boulevard just west of its intersection with Magnolia Avenue. Behind the truck, and overtaking it, defendant Van Hagen, in his car, was in the traffic lane just south of the center line of Foothill Boulevard and was traveling at a speed of approximately 25 miles per hour. About 50 to 75 feet back of the intersection Acker operated the mechanical arm of the truck to indicate a left turn but as the truck reached the intersection, traveling slowly, he dropped the mechanical arm (he said he needed both hands to steer) and turned to about a 40 degree angle toward the south in the Magnolia intersection. He proceeded to a point near the southerly limit of the intersection and then turned north in a circular pattern, intending to make a U turn. Prior to turning north in the intersection the truck had not been in the traffic lane nearest the center of the highway as required by subdivision b of section 540 of the Vehicle Code and Van Hagen's car had been in a position where it could lawfully overtake and pass the truck. When the truck, in execution of the described maneuver, had reached a point in the intersection where it was headed northeasterly with its front end about five feet south of the center of Foothill Boulevard defendant Van Hagen's car, traveling about 25 miles per hour, was in the traffic lane immediately south of the center line and was just entering the intersection. The truck continued moving slowly in its unlawfully approached and attempted left turn and Van Hagen to avoid colliding with it, accelerated the speed of his car and swung it to his left to a point north of the center line of the boulevard. He said that the front of the truck had itself reached a position north of the center line as he passed it, and that his car

cleared the truck by two or three feet. At this point he had attained a speed of about 35 miles per hour.

Having so passed the truck Van Hagen directed his attention to the highway ahead and to bringing his car back to the southerly side of the center line. He saw plaintiff's automobile coming but he did not attain his objective of getting his own car back onto the south half of the boulevard. The collision occurred at a point about 10 feet north of the center line and 109 feet east of the center of the intersection. It is to the handling of Van Hagen's car after it passed the truck that appellants direct the weight of their criticism. That he proceeded for approximately 100 feet at 35 miles per hour on the wrong (his left) side of the road before the collision is in itself conclusive evidence of negligence, say appellants. Not only was it negligence, they urge, but as a matter of law it was independent, intervening negligence which was the sole proximate cause of the collision. The jury returned verdicts for plaintiff Miles on his complaint and for defendant Van Hagen on his cross-complaint against Acker (the truck driver) and the latter's employers. We find the verdicts tenable.

An inspection of the map attached to the Reporter's Transcript (Plaintiff's Exhibit No. 1) discloses that the truck was near the easterly limit of the intersection when Van Hagen's car passed it. Magnolia Avenue, as previously mentioned, is 34 feet in width. Hence Van Hagen's machine traveled less than 100 feet after clearing the truck before it collided with plaintiff's car. At its speed of 35 miles per hour it was traversing 51.33 feet a second. Less than two seconds of time, therefore, was available to Van Hagen, after narrowly averting a crash with the truck, to survey the roadway to the east, to perceive plaintiff's oncoming automobile, to determine the seemingly best course to pursue, and to execute it. It must be recognized that in avoiding the truck Van Hagen had turned his car to head somewhat north of east and it had the momentum caused by acceleration to a speed of 35 miles per hour. It is reasonable to believe that the jury may have concluded that such heading and momentum carried the car somewhat farther north than was its position at the moment it cleared the truck. Certainly some substantial portion of the fleeting interval of less than two seconds before the impact must legitimately have been consumed in altering the head-

ing from a direction north of east to a direction south of east. Van Hagen testified that he did not see plaintiff's automobile until it was within about 50 feet of his car. Because of the nature of the maneuver in which he was engaged, and the position of the truck, neither is this statement incredible nor is the fact unreasonable.

By way of argument in their opening brief appellants assert, ''Had the impact occurred immediately after Van Hagen had passed the truck or so close to the point of passing that no reasonable opportunity was presented to Van Hagen either to return to the proper side of the street or to stop his vehicle, then injury to Miles was reasonably to have been anticipated; but, to say the least, the present factual situation taken in retrospect shows the consequence of Acker's act to have been 'extraordinary rather than normal.' '' The difficulty with this argument is that the jury may well have found that the impact *did* occur so close to the point of passing that no reasonable opportunity was presented to Van Hagen either to return to the right side of the highway or to stop his vehicle. In a situation of this kind closeness is a relative matter involving proximity of time as well as of space. And within the bounds of reason, which we cannot say have here been transcended, it is the exclusive province of the jury to determine, by classification of the act, where closeness ceases and remoteness commences. At least the jury did find that Van Hagen was not guilty of any breach of ordinary care which contributed proximately to cause the collision. We are definitely of the opinion that such finding is not unreasonable.

If the truck under the circumstances related, had actually struck Van Hagen's automobile and impelled it purely as an inanimate and wholly uncontrolled object directly into plaintiff's car the proximate cause of the collision would be obvious beyond argument. Because the truck did not physically contact the car and because the human agency of Van Hagen still exercised control over such car, it is contended that the causal chain is broken. But it must be recognized that control of any moving vehicle is a matter of relativity. An automobile traveling 25 or 35 miles an hour may be said to be under control of its operator—but that operator cannot at any moment immediately and instantaneously change the status of that vehicle from a moving object to a stationary one. Both time and space are required for the transmission of the nerve impulse to sensory and motor centers and thence into muscu-

lar action and for the transition of the state of the object from momentum to rest. With the physical objects as they were, Van Hagen's control of his car was not complete in himself and exclusive of external factors. The movement of his car to *avoid contact* with the truck, if it was reasonable under the circumstances, was no less proximately caused by the truck because Van Hagen consciously turned the steering wheel and depressed the foot throttle than would its movement have been so caused if the truck had in fact contacted it and physically impelled it. The question, within reasonable limits, is one of fact. Was the pattern of its motion, to a controlling degree under the circumstances shown, shaped by the acts of Acker? The jury found that the sequence was natural, that the causal chain was unbroken. With that conclusion we are satisfied.

Appellants turn to the cases of *De Vito* v. *Peterson* (1933), 134 Cal. App. 100 [25 P. (2d) 19], and *Petersen* v. *Lewis* (1935), 2 Cal. (2d) 569 [42 P. (2d) 311], and urge that the factual circumstances of those cases are similar to the case before us and that in each of those cases the court held that as a matter of law the negligent act of the defendant was not a proximate cause of the accident. We fail to find that either of those cases is controlling here.

In the De Vito case the plaintiff's automobile was struck by a car which, at an intersection, had gone far to the left of the center of a highway to pass another machine which was making a left turn. Plaintiff endeavored to hold the driver and the owner of the latter machine responsible for the accident, on the theory that its driver had neglected to give a left turn signal. The opinion does not show that in that case (as the facts do establish in our case) the left turn was started from an improper approach or that the passing car was originally (and until forced over by the illegal turn) in a lawful position to pass the overtaken car; furthermore the court apparently was of the opinion in that case that the evidence did not show that the pattern of the course of the colliding machine was proximately caused by the turning car. In our case we have discussed the evidence sufficiently to show that the jury were warranted in coming to a contrary conclusion.

The case of *Petersen* v. *Lewis, supra,* is merely authority for the proposition that (page 572), "By proving the negligence of the defendant without in some way fastening that negligence to the injury, a case is not made out." With that

rule we are in full accord; but under the evidence in our case the jury impliedly and justifiably found that appellants' negligence was proximately fastened to the plaintiff's injury. In that case the plaintiff was following a car and trailer being operated by the defendant. The defendant, about 20 feet before he reached an intersection, signaled for a left turn and proceeded to execute it before reaching the center of such intersection. Another car coming at excessive speed in a direction opposite to that in which plaintiff was proceeding, instead of slowing down or stopping swung his car over to plaintiff's side of the highway, and the collision ensued. It appeared that the colliding car was about 150 feet north of the intersection when the defendant started his left turn and was being operated at a speed of 45 or more miles per hour. It appears that the court was of the opinion that the negligence of the turning driver in failing to signal for the required space (now Veh. Code, sec. 544; then Cal. Veh. Act, sec. 130) and in starting the left turn to the left of the center of the intersection (now Veh. Code, sec. 540(b); then Cal. Veh. Act, sec. 129) was not a proximate cause of the accident; that as a matter of law the sole proximate cause was the negligence of the driver of the colliding car in proceeding for so great a distance at such an excessive rate of speed and in directing his machine to the extreme (his) left side of the highway.

We do not need to suggest (as did the late Mr. Justice Seawell in his dissenting opinion, at page 573) that the evidence in that case should have gone to the jury to determine the fact as to whether the defendant's negligence was a proximate cause of the accident. For the purposes of this opinion we may accept unqualifiedly the holding of the majority of the court in that case, and still find ample difference in their factual bases to warrant our conclusion. In that case the driver of the colliding car was clearly guilty of negligence. Had it not been for his excessive and negligent speed the accident need not have occurred. In our case Van Hagen was found not to be negligent. His conduct was found to be normal and natural under the circumstances. Only the negligence of the truck driver Acker proximately caused the collision and plaintiff's injuries.

"The law does not require that a defendant's negligence be both a direct and proximate cause of the injury in order to render him liable. It is sufficient if such negligence be a

proximate cause of the injury, and a proximate cause may be either a direct or an indirect cause." (*Goehring* v. *Rogers* (1924), 67 Cal. App. 253, 259 [227 Pac. 687].) The acts of the defendant Van Hagen, influenced and to a substantial extent controlled as they were by the conduct of the defendant Acker, must be regarded in law under the circumstances depicted not as an independent cause but as conjoining incidents of the original negligence of Acker, which negligence operated long enough and extensively enough to efficiently produce the accident and the injuries to plaintiff and to Van Hagen (see *Harmon* v. *M. H. Sherman Co.* (1938), 29 Cal. App. (2d) 580, 587 [85 P. (2d) 205]). That questions of negligence and proximate cause are normally questions of fact for the jury needs no citation of authority. We hold that the evidence legally supports the verdicts rendered.

The judgments, in favor of plaintiff on his complaint and in favor of defendant Van Hagen on his cross-complaint, are affirmed.

Shinn, J., and Wood (Parker), J., concurred.