[Civ. No. 19664. Second Dist., Div. One. Dec. 8, 1953.]

FLOYD E. GIRARD et al., Appellants, v. MONROVIA CITY SCHOOL DISTRICT et al., Respondents.

738

Porter C. Blackburn and Earle William Burke for Appellants.

Hunter & Liljestrom, Richard M. Gilliland and Robert A. Cushman for Respondents.

WHITE, P. J.—Gerald Girard, aged 9, a pupil at Monroe Elementary School in the Monrovia City School District, was struck and instantly killed by automobile operated by defendant Delores L. Hall. At the time he was struck Gerald was returning home from school and was in a marked pedestrian crosswalk on Huntington Drive. His parents brought an action for wrongful death against the driver of the automobile and also against Monrovia City School District and Azusa City School District. Each of the defendant school districts filed a demurrer to the complaint, and each demurrer was sustained without leave to amend. Two judgments were thereupon entered, one, on October 16, 1952, in favor of Azusa City School District, and one on October 22, 1952, in favor of Monrovia City School District. On December 8, 1952, plaintiffs filed a notice of appeal "from that certain judgment in favor of the above named defendants, and against plaintiffs, made and entered in the above entitled Court on the 16th day of October, 1952, in Judgment Book 2446, Page 302." The judgment in favor of Monrovia City School District was entered in Judgment Book 2450, page 72. The latter school district has moved to dismiss the appeal as to it, upon the ground that no appeal was taken from the judgment in its favor. The notice of appeal refers to the judgment "in favor of the *above-named defendants.*" The notice was addressed to and served upon both school districts. The notice to the clerk to prepare the transcript on appeal stated that plaintiffs had appealed from "that certain judgment entered in favor of defendants Monrovia City School District, and Azusa City School District." Counsel for appellants states in his affidavit:

"At the time of the Notice of Appeal affiant had telephoned the Clerk of the Court for the date, book and page of the Judgment entered in favor of *defendants,* and was informed by the Clerk of the date and book and page indicated in the Notice of Appeal. At that time affiant believed that the Court had entered in a single Judgment the dismissals in favor of both defendants in keeping with the rule that the Court should make but one Final Judgment in a cause."

Notices of appeal are not strictly construed, and an appeal will not be dismissed because of a misdescription of the judgment or order to which it relates, unless it appears that the respondent has been misled by such misdescription. (*Harrelson* v. *Miller & Lux, Inc.,* 182 Cal. 408, 414 [188 P. 100] ; *Balkins* v. *Norrby,* 61 Cal.App.2d 413, 416 [142 P.2d

958]; *Kellett* v. *Marvel*, 6 Cal.2d 464, 471 [58 P.2d 649]; *Adams* v. *Talbott*, 20 Cal.2d 415, 417 [126 P.2d 347]; *Estate of Smead*, 215 Cal. 439, 441 [10 P.2d 462].) The respondent Monrovia City School District was not misled by the uncertainty in the notice of appeal. In June, 1953, the district procured a stipulation extending the time within which to file its brief. The brief was filed on September 11, 1953, the same day on which the motion to dismiss was filed.

 It is the policy of the law that every case should be heard on its merits. Here it is perfectly apparent from the notice of appeal that the appellants sought review of the order of the superior court sustaining the respective demurrers of the two school districts and properly sought to do so by appealing from the judgment of dismissal. Their only error was in assuming that a single judgment of dismissal had been entered, when in fact a separate judgment had been entered as to each school district. Respondent Monrovia City School District was not misled, nor has it suffered any prejudice. It is clear that in the circumstances presented the motion to dismiss should be denied. (See *Holden* v. *California Emp. Stab. Com.*, 101 Cal.App.2d 427, 430, 431 [225 P.2d 634], and *Airline Transport Carriers, Inc.* v. *Batchelor*, 102 Cal.App.2d 241, 247, 248 [227 P.2d 480].)

Turning to the merits of the cause, the theory upon which plaintiffs sought to recover is that a proximate cause of the death of their child was the asserted negligence of the two districts in advising and permitting the child to attend Monroe Elementary School in the city of Monrovia, whereas he should have been sent to Santa Fe Elementary School; that in traveling to and from Monroe Elementary School, the child was obliged to cross Huntington Drive, a heavily traveled street. Recovery is also sought upon the ground that Monrovia School District was negligent in not providing the child with transportation from school to his home or for his safe conduct across Huntington Drive.

In substance, the allegations of the complaint are that Gerald Girard, age 9, was a registered pupil at Slauson Elementary School in the Azusa City School District; that two employees of that district were advised by Gerald's brother that the family had moved to 1304 Alamitos Street in Monrovia, and said employees were requested by the brother to have Gerald and his school records transferred to the proper elementary school in Monrovia; that said employees negligently advised the brother that Monroe Elementary School

in Monrovia was the proper school for Gerald to attend; but that in truth said employees knew or should have known by use of ordinary care that a child who resided at 1304 Alamitos Street was not entitled to enroll at Monroe Elementary School, but should enroll and attend Santa Fe Elementary School. Further, it is alleged that in reliance upon the information received, the parents presented Gerald for admission to Monroe Elementary School and the employees, principal and teachers of said school negligently permitted Gerald to register and attend, knowing that a pupil residing at Gerald's address should attend Santa Fe Elementary School. That in permitting such enrollment and attendance, the Monrovia City School District and its said employees acted negligently and in violation of section 1503 of the Education Code.

▇▇▇▇ The complaint continues by charging that the defendants and their employees knew or should have known that Huntington Drive was a major and heavily traveled thoroughfare and dangerous for a child of 9 to cross; that "in keeping with the law and custom," defendant Monrovia City School District "purported" to provide motor transportation for pupils crossing Huntington Drive, and did provide transportation from Gerald's home to the school, but negligently failed to provide transportation from school to home, and negligently failed to provide protection or a safe means for Gerald to cross Huntington Drive on his way home.

The complaint concludes with the allegation that the acts of negligence of the defendant Delores L. Hall, operator of the vehicle that struck the child, and the acts of negligence of the school districts and their employees "operated singly and independently as well as jointly and concurrently and proximately to cause the death of said Gerald Girard."

Appellants urge that the superior court abused its discretion in sustaining the demurrers without leave to amend; that "what constitutes negligence of the school district in making possible a condition of hazard is a question of fact for the jury"; and that whether the death of the child was proximately caused by the act of one of two negligent agencies is also a question of fact for the jury; that the test of liability of the districts is whether the consequences of their acts were "reasonably foreseeable"; that they, the school districts, are not excused because the immediate cause of the injury was not actually foreseen by them if by the exercise of ordinary care they would have foreseen the danger to the child.

The contention that the court abused its discretion in sus-

taining the demurrers without leave to amend must fail for two reasons: first, the record does not disclose that leave to amend was asked for in the court below; and second, it clearly appears from the allegations of the complaint that amendment would be fruitless, because a cause of action upon any theory warranted by the facts set forth could not be stated against either of the school districts. Appellants have not attempted to point out on appeal how or in what manner the complaint could be amended so as to meet the objections of respondents.

The facts of the case clearly show that the sole proximate cause of the child's death was that he was struck by an automobile while crossing the street. Assuming that any of the asserted acts or omissions of the districts constituted a breach of a legal duty owed to the child, such breach of duty was a remote, and not a proximate, cause of the death. As was said in *Johnson* v. *Union Furniture Co.,* 31 Cal.App.2d 234, 237 [87 P.2d 917]:

''It is well settled that in order to maintain an action for damages based on the wrongful act or neglect of another, a plaintiff must allege and prove that the wrongful act of the defendant was a direct and proximate cause of the injury. (*Marsiglia* v. *Dozier,* 161 Cal. 403 [119 P. 505].) In other words, 'To impose liability it is not enough to show that an injury would not have occurred in the absence of the negligent act, but it must be shown that the act was the efficient cause of the injury—the act from which the injury followed in continuous sequence unbroken by any efficient intervening cause. Thus even though one has been guilty of negligence, he may still not be liable . . . if such negligence is remote in the chain of causation and did not contribute proximately to the injury' (19 Cal.Jur., p. 561). And in this connection it is held generally that the word 'proximate' is intended to mean direct or immediate, as opposed to remote (*Straten* v. *Spencer,* 52 Cal.App. 98 [197 Pac. 540]); and that negligence requiring the interposition of new and independent agencies to cause injury is remote (*Oakland Bank of Savings* v. *Murfey,* 58 Cal. 455 [9 Pac. 843]). Moreover, in determining the question of proximate cause, care must be taken to avoid confusing two elements which are separate and distinct, namely, that which causes the injury, and that without which the injury would not have happened. For the former the defendant may be liable, but for the latter he may not; that is to say, in order to make a defendant liable his wrongful act must be the

*causa causans,* and not merely the *causa sine qua non* (*Klarquist* v. *Chamberlain & Proctor,* 124 Cal.App. 398 [12 P.2d 664])."

In *Angelis* v. *Foster,* 24 Cal.App.2d 541 [75 P.2d 650], the complaint charged that school trustees by resolution had deemed it advisable to provide the pupils of a school with transportation, but that on the day plaintiff was injured the trustees had failed to provide such transportation, and plaintiff was injured while crossing the road. It was contended that the failure to provide transportation was a proximate cause of injury. The court there said, in part: "While the alleged failure to provide transportation may have been a condition in the order of causation by which the injury was brought about . . ., it was manifestly the gross and intervening negligence of Foster, *which could not have been reasonably anticipated by respondents,* which was the sole proximate cause of the damage." (Emphasis added.)

■ Of course, respondents could reasonably foresee that if a pupil is transferred to a different school he will take a different route and cross different streets, and be subjected to varying degrees of traffic hazards, but they cannot reasonably foresee that on any given street on any particular occasion, either a motorist or the pupil will fail to exercise ordinary care, or that at any particular location an unavoidable accident may occur.

A second ground upon which the action of the trial court should be upheld is that no legal breach of duty was committed by either of the respondent districts. ■ Section 16251 of the Education Code provides that a district may provide for transportation of pupils. The section is clearly permissive in character. Appellants cite no authority for the proposition that it is negligence for a school district to fail to provide transportation. ■ Appellants argue that the district, having undertaken to provide transportation, is bound to use due care in carrying out the duties it has undertaken to perform. However, it appears that the facts are that the Monrovia District undertook merely to provide transportation from home to school, and it was under no duty to provide transportation in both directions.

No authority is cited for the proposition that either district owed a duty to the pupil to see that he was enrolled in a particular school within his district. As pointed out by respondents, sections 1503 and 1503.1 of the Education Code

authorize enrollment of pupils from another district or even from another county.

█ Without further discussion of appellants' claim that the school districts were negligent in failing to provide transportation on the day of the accident and in failing to enroll the deceased pupil in a particular school in the district within which he lived, we are satisfied that from the facts averred, such failure was a remote and not a proximate cause of the accident which resulted in the pupil's death. While the alleged failure to provide transportation or enroll the decedent in another school may have been a condition in the order of causation by which the fatality was brought about, it was manifestly the intervening negligence of the driver of the vehicle, which could not have been anticipated by the officials of the school districts, which was the sole proximate cause of the accident. The following authorities support this conclusion: *Hale* v. *Pacific Tel. & Tel. Co.,* 42 Cal.App. 55 [183 P. 280]; *McMillan* v. *Thompson,* 140 Cal.App. 437 [35 P.2d 419]; *De Vito* v. *Peterson,* 134 Cal.App. 100 [25 P.2d 19]; 19 Cal.Jur., "Negligence," § 17, p. 567.

The motion of respondent Monrovia City School District to dismiss the appeal from the judgment in its favor is denied.

For the foregoing reasons, the judgments are, and each of them is, affirmed.

Doran, J., and Drapeau, J., concurred.