[Civ. No. 11167.   Third Dist.   June 11, 1965.]

RICHARD DEWARD et al., Petitioners, v. C. C. LA RUE, as County Clerk, etc., Respondent; HELENE ROSE CLOUGH, Real Party in Interest.

Wyland & Biglow and Eugene A. Biglow for Petitioner.

No appearance for Respondent.

Fitzwilliam, Memering, Stumbos & DeMers and Robert H. Memering for Real Party in Interest.

PIERCE, P. J.—Petitioners seek a writ of mandamus to compel C. C. La Rue as County Clerk of Sacramento County "to proceed forthwith with the preparation of the transcript on appeal" from a judgment in an action in the superior court of that county. Since none of the steps required by rule 4 of California Rules of Court have been taken, the relief sought cannot be granted. The extent of relief possible is a ruling that the notice of appeal served and submitted to the clerk for filing was, although it contained a misdescription of the judgment appealed from, sufficient, with direction to the clerk to file it as of the date submitted, and to correct the misdescription; and we can extend petitioners' time to effect preparation of transcripts. This relief we will grant under the policy of the law that appeals should be heard upon their merits. The facts below will show that both the original misdescription and the failure to make timely correction thereof were through carelessness, which was great. However, the real party in interest was neither misled nor has she been harmed.

In 1963 petitioners filed an action against Helene Rose Clough (real party in interest) and the City of Sacramento.

A summary judgment was granted the city on September 26, 1963. The cause went to trial against Helene Clough and following a jury verdict in favor of Helene Clough judgment was entered on the verdict on January 7, 1965. A motion for a new trial was denied on February 19th.

On March 1st the following notice of appeal was filed: "To THE CLERK OF THE ABOVE-ENTITLED COURT: TO THE CITY OF SACRAMENTO, Defendant, and its attorneys: McGREGOR, BULLEN & ERICH: and to Defendant HELENE ROSE CLOUGH, and her attorneys: FITZWILLIAM, MEMERING, STUMBOS & DeMERS:

"YOU WLL PLEASE TAKE NOTICE, that the Plaintiffs herein appeal to the Court of Appeals of the State of California for the THIRD DISTRICT from the Judgment entered herein in Department No. —— of the above-entitled Court, on the 26th day of September, 1963, in Judgment Book 180, at page 298, in favor of defendant, CITY OF SACRAMENTO, dismissing the Complaint of the plaintiffs herein, and against the plaintiffs, RICHARD DEWARD, by his Guardian ad litem, ROBERT DEWARD, and ROBERT DEWARD, individually."

On March 2, 1965, Mr. La Rue wrote the attorneys for petitioners stating "we are unable to proceed with the appeal" since the judgment appealed from had been entered "on De-

cember 26, 1963, [cf. notice of appeal, *supra*] and there was no motion for a new trial filed, therefore the time for filing the notice of appeal expired on February 24, 1964.'' The attorneys telephoned to Mr. La Rue informing him that they had not intended to appeal from that judgment but from the judgment in favor of Helene Rose Clough. La Rue's affidavit filed with us recites that during the conversation he informed the attorneys that the notice of appeal was not sufficient to constitute an appeal from the judgment in favor of defendant Clough. The affidavit also states La Rue did not advise or lead petitioners' attorneys to believe that the telephone call would correct the defective notice of appeal.

All attorneys in the action received copies of the notice of appeal submitted. La Rue, on March 5th, had also advised all attorneys that a notice of appeal had been filed. (This advice did not describe the judgment appealed from nor indicate the wording of the filed notice of appeal.)

On March 10th the City of Sacramento moved to dismiss the appeal from the judgment in its favor. Petitioners' attorneys advised the city's attorney by telephone that no appeal had been intended to be taken from the city's judgment.

Petitioners' attorneys then telephoned Helene Rose Clough's attorneys and told them of their confusion of judgments in the notice. No stipulation waiving any insufficiency of the notice was given.

Since, as stated above, the order denying petitioners' motion for a new trial had been filed February 19, 1965, petitioners had until March 22, 1965, (since March 21st was a Sunday) to file a corrected notice of appeal. (Cal. Rules of Court, rule 3.) However, although a corrected notice of appeal was prepared in Fresno on March 22d it was not received by the clerk until March 23, 1965.

By that time, if reliance upon the second notice was necessary, it was too late. An appellate court has no jurisdiction to hear an appeal in a civil action when a notice of appeal sufficient to meet the rule's requirement has not been filed within time. (*Estate of Hanley*, 23 Cal.2d 120 [142 P.2d 423, 149 A.L.R. 1250].)

The explanation given by petitioners' attorneys for the original misdescription of the judgment on their notice is that preparation of the notice was entrusted to an inexperienced secretary furnished with a form whose product was

signed and dispatched without perusal by an attorney. That mistake, if not condonable, was at least understandable.

Less pardonable was counsels' next blunder. After having discovered the mistake (about March 5-10) the attorneys who then still had more than 10 days to file a corrected notice did not do so. The explanation of this omission was they thought that all notices of appeal must be filed (under rule 2) within 60 days from judgment, in this case January 7, 1965. They were unaware even at oral argument of the motion that an appellant (by rule 3) has 30 days after an order denying a motion for a new trial within which to file a notice of appeal.

It is, as stated above, a policy of the law that appeals should be heard on their merits. (*Girard* v. *Monrovia City School Dist.*, 121 Cal.App.2d 737, 740 [264 P.2d 115].) In the cited case, a wrongful death action, two judgments had been entered, one in favor of one school district and the other, six days later, in favor of another school district. Intent had been to appeal from the later judgment. Through inadvertence, a belief that but one judgment had been entered, the notice described the date, book and page number of the earlier judgment. In holding the notice nevertheless sufficient the court said (on p. 739): ''Notices of appeal are not strictly construed, and an appeal will not be dismissed because of a misdescription of the judgment or order to which it relates, unless it appears that the respondent has been misled by such misdescription. [Citations.]''

In *Dimity* v. *Dixon* (1925) 74 Cal.App. 714, 718 [241 P. 905], on facts almost identical with those in *Girard* v. *Monrovia City School Dist.*, *supra*, the court took an opposite view, holding that the statement of a wrong judgment was not ''misdescription.'' We disagree with that construction, agree with the reasoning of the later (*Girard*) opinion that a misdescription under the facts recited does exist, and apply the *Girard* rule to the first notice and facts here involved.

The fault of counsel here was much more patent than in *Girard* and the acts of carelessness were multiplied. But the merits of petitioners' appeal, whatever they may be, are unrelated to the mistakes made by petitioners' counsel, and neither Helene Rose Clough nor her attorneys could possibly have been misled. The notice was addressed to, and received by them, and the fact of misdescription must have been obvious. Nor has any consequential harm resulted, since no substantial delay in the progress of the appeal will occur.

The notice of appeal of March 1, 1965, shall be treated as a notice of appeal from the judgment in favor of Helene Rose Clough, served and filed on that date. Respondent clerk is directed to correct the misdescription therein by substituting the date, book and page number of said judgment in lieu of the reference to the judgment in favor of the City of Sacramento, and petitioners shall have 10 days from and after the date on which this opinion is filed within which to serve and file a notice, or notices under rules 4, 5, 6 and 7.

Let a peremptory writ issue accordingly.

Friedman, J., and Regan, J., concurred.